THE NIAGARA INSURANCE COMPANY V. D. N. LEE ET AL.

No. 6237.

1. **Variance—Transfer.**—In a suit upon an insurance policy alleged to have been assigned to T. H. Lee & Co., when offered the assignment was D. N. Lee. There being no allegation of mistake, etc., *held*, that objections on ground of variance should have been sustained.

2. **Pleading Ownership.**—Under an allegation of ownership by T. H. Lee & Co. it was competent to show a purchase by D. N. Lee as agent for T. H. Lee & Co.

3. **Restrictive Clause in Insurance Policy.**—A clause in an insurance policy that the insurance company will not be bound by the act of any agent, etc., will not limit the power of the insurance company in the future to act through and by an agent. The act of an agent within the scope of his employment at the date of the act will bind the principal.

4. **Agents of Insurance Company—Case Followed.**—Morrison v. Insurance Company, 69 Texas, 363, adhered to.

5. **Preliminary Proof of Loss—Waiver.**—Such proof must be furnished as stipulated unless waived. An absolute refusal to pay would render proof useless and would be a waiver. Where there is a conflict in the evidence of the waiver the issue should be submitted to the jury.

6. **Court House—District Judge May Act in Any Room in the Court House.**—On the last day of the term, and while a special district judge was engaged in the court room trying a cause in which the district judge was disqualified, the district judge in another room heard and granted a motion for new trial. At the next term a motion was made to vacate the order on the ground that the act of the judge in another room from that designated by the County Court as the court room was not the act of the court, and for the further reason that counsel opposed to the motion were engaged, one as the special judge and the other as counsel in the case. *Held:*

1.  That the district judge could act in any room in the court house he might select.

2.  It being upon the last day of the term, and the statute requiring that motions for new trials be disposed of in the term, it would seem proper if either the special or the regular judge should give way that the act of the regular district judge would be held valid.

3.  That counsel were otherwise engaged at the hearing is no ground for vacating the order.

APPEAL from Mitchell.   Tried below before Hon. Wm. Kennedy.
The opinion states the case.

*Fowlkes & Loving,* for appellant. — 1.   The evidence offered must correspond with the allegations.   Shipman v. Fulcrod, 42 Texas, 248, 249.

2.   In a suit by partners if the proof shows that only one of them had an interest in the property there can be no recovery.   Longcope v. Bruce, 44 Texas, 437, 438.

3.   Parol testimony is not admissible to vary the terms of a written contract.   Any assignment of policies of insurance before loss and transfers of insured property must be known to the insurer and his consent given to such transfer, either express or implied.

4.   When the language of a policy of insurance defines and limits the authority of the company's agent, no act of his transcending his authority is binding on the company.   First Nat. Bank v. Lancashire Ins. Co., 62 Texas, 461.

5.   Serving the company with the preliminary proofs of loss is a condition precedent to plaintiff's right to recovery.

To constitute a waiver of the condition the conduct of the insurer must be such as to lead the assured to believe the proofs of loss were not required.   Shawmut Co. v. People's Ins. Co., Gray, 539; Kimble v. Hamilton Ins. Co., 1 Bosw., 495.

6.   The condition as to the making the preliminary proofs of loss is not waived when the refusal to pay is placed on all grounds of defense or on that ground, as well as other grounds of defense to the cause of action.   Citizens Ins. Co. v. Doll, 35 Md., 89; Edwards v. Balt. Fire Ins. Co., 3 Gill, 176.

*Chas. I. Evans,* for appellees.— 1.   There can not be two District Courts in session in the same county at the same time.   Const. 1876, art. 5, sec. 7; Rev. Stats., arts. 1094, 1127; People v. O'Niel, 47 Cal., 110, 111.

2.   The principle that equity will reform a written contract where there has been an innocent omission or insertion of a material stipulation contrary to the intention of the parties is as applicable to a policy of insurance as to any other form of contract.   Home Ins. and Bank. Co. v. Lewis, 48 Texas, 622; Texas Bank. and Ins. Co. v. Stone, 49 Texas, 4; Texas Bank. and Ins. Co. v. Hutchins, 53 Texas, 61.

3.   The plaintiffs being the owners at the insured property at the date of the contract of insurance, and also the owners at the date of the loss, the intervening transfers by one of them to a stranger (to which defendant consented) of his interest and the transfer by the stranger back to the original owner of the same interest does not alter the liability of the defendant to plaintiffs, as they are the same parties with whom it made the original contract of insurance.   Texas Bank. and Ins. Co. v. Cohen, 47 Texas, 406; Hoffman v. Ætna Fire Ins. Co., 32 N. Y., 416; West v. Citizens Ins. Co., 15 Am. Law Reg. (N. S.), 606; Hobbs & Henley v. Memphis Ins. Co., 1 Sneed (Tenn.), 451; Burbank & Son v. McCluer & Co., 54 N. H.; 2 Pars. on Cont., 451; Wade on Notice, 449.

4.   The demand and acceptance by defendant's agent of an additional and increased premium on the policy from the plaintiffs a short time before the loss occurred was a waiver by defendant of any conditions as to transfer in the policy, and was equivalent to a new contract of insurance with plaintiffs.   Crescent Ins. Co. v. Griffin & Shook, 59 Texas, 509; Shearman v. Niagara Fire Ins. Co., 7 Am. Rep., 380; 46 N. Y., 526; Pratt v. N. Y. Cent. Ins. Co., 14 Am. Rep., 304; 55 N. Y., 505; Fland. on Ins., 164; 7 Am. Law Reg. (O. S.), 661; 4 Am. Law Reg. (N. S.), 441; Wade on Notice, 449.

5.   An insurance corporation can only act through its agents, and when by the act of such agent it waives any condition in the policy it is thereby estopped from relying on such condition.   Fland. on Fire Ins., 150, 159.

6.   A refusal by an insurance company to pay a loss in whole or in part on any other ground than the want of proof of the fire and particular statement of the loss, constitutes in law a waiver of the proof of fire and particular statement of loss as stipulated in the policy.   East Texas Fire Ins. Co. v. Dyches, 56 Texas, 565; Georgia Home Ins. Co. v. Jacobs, Id., 366; East Texas Fire Ins. Co. v. Coffee, 61 Id., 287; Fland. on Fire Ins., 545, 546, 547; 2 Greenl. on Ev., 394.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellees to recover upon an insurance policy.

The policy sued upon shows that it was issued on the 1st day of September, 1882, in favor of T. H. Lee & Co.

It appears that at the date of the policy T. H. Lee and his father D. N. Lee were partners, using said firm name, and as such were owners of the merchandise covered thereunder.

Shortly after the insurance was effected T. H. Lee sold his interest in the property of the firm to one C. N. Klauber, and the firm name was changed to Klauber & Co.

Endorsed on the face of the policy are the words "permission hereby granted for change of firm name to Messrs. Klauber & Co., loss, if any,

payable to said firm," signed by the agent of the insurance company.. On the back of the policy the following endorsements appear:

One signed by the agent of the insurance company, dated October 12,. 1882, consenting to the assignment of the interest of T. H. Lee in the policy to Messrs. Klauber & Co.

One signed by T. H. Lee, also dated October 12, 1882, assigning his interest in the policy to Messrs. Klauber & Co.

One signed by C. N. Klauber, dated December 28, 1882, transferring his interest in the policy to D. N. Lee.

On the last named date C. N. Klauber, by an instrument in writing,. conveyed to D. N. Lee for a valuable consideration his entire interest in: the stock of merchandise insured.

D. N. Lee testified that he purchased this interest for his son T. H. Lee, and that thenceforth the merchandise was the property of himself and son, who resumed business as partners under the old firm name of T. H. Lee & Co., and that at the time of the destruction of the property it, as well as the policy of insurance, was owned by himself and son T.. H. Lee, as equal partners.

Plaintiffs' petition charges that when C. N. Klauber retired from the business he assigned his interest in the firm "and in said policy to the plaintiff T. H. Lee, whereupon these plaintiffs again became partners and resumed the firm name of T. H. Lee & Co., and with the consent of defendant endorsed in writing on said policy and signed by its agent D. R.. Mason, became again owners of said property and of said policy.

"That in endorsing the consent of the defendant in writing upon said policy for the change of ownership of said property and of said policy from said firm of Klauber & Co. to said firm of T. H. Lee & Co., and for the change in said firm name by said D. R. Mason, through the mistake of said agent, the name of Klauber & Co. was inserted therein instead of the name T. H. Lee & Co., as was at the time intended by plaintiffs and said agent."

The policy of insurance among other things contains the following clause:

"If the assured is not the sole and unconditional owner of the property, or if the interest of the assured in the property is not truly stated in this policy, or if any change take place in the title, interest, location,. or possession of the property (except in case of succession by reason of the death of the assured), whether by sale, transfer, or conveyance in whole or in part or by legal process or judicial decree, or the title or possession be now or hereafter become involved in litigation, or if this policy be assigned or transferred before a loss, this policy shall become void unless consent in writing is endorsed by the company hereon.

"A particular statement of the loss shall be rendered to this company at its office in New York as soon after the fire as possible, signed and

sworn to by the assured, etc. And this company shall not be bound under this policy by any act of or statement made to or by any agent or other person which is not contained in this policy or in any written paper above mentioned." The papers before mentioned relate to the preliminary proceedings for obtaining the insurance.

When plaintiffs offered in evidence the policy of insurance with the endorsements thereon the defendant objected on the grounds:

1. Because of variance between the policy described in the petition and the one offered in evidence. (The exception specified in what the variance consisted, it being as above indicated.)

2. Because said policy shows by the transfers endorsed on it that it is the property of D. N. Lee and not of T. H. Lee & Co.

These objections were overruled and the policy with its endorsements read in evidence, which is assigned as error.

There was error in overruling these objections to the introduction in evidence of the policy of insurance and its transfers, for which the judgment must be reversed.

The contract described in the petition is one assigned by Klauber & Co. to T. H. Lee & Co., while the one offered in evidence has no such endorsement, but instead has endorsed on it a transfer from Klauber & Co. to D. N. Lee.

If there was a mistake in making the last named endorsement or anything to qualify its ordinary effect it is not alleged in the petition.

The petition does contain an allegation of mistake in inserting the name of Klauber & Co. in the face of the policy when the name of T. H. Lee & Co. was intended. Without deciding whether a mistake in the particular alleged is either proved or sufficiently alleged, it is sufficient to say that the objection made to the introduction as evidence of the policy does not relate to that endorsement at all, but to the one in fact made to D. N. Lee and alleged to be made to T. H. Lee & Co.

The allegation is material, and the contract and endorsements offered in writing being essentially variant from the pleadings they should have been excluded.

The record shows that when Klauber sold his interest in the insured property he made the transfer in writing to D. N. Lee and not to T. H. Lee or to T. H. Lee & Co.

The court, over the objection of defendant, permitted D. N. Lee to testify that he made the purchase for the benefit of his son T. H. Lee, acting as his agent, and that the firm of T. H. Lee & Co. owned the property at the dates of its insurance and destruction by fire.

The objections made to the evidence in the District Court and insisted upon here are:

1. That the contract of sale between Klauber and D. N. Lee was in writing and can not be changed by oral evidence.

2.　That plaintiffs did not plead fraud, mistake, or secret trust in said contract of sale.

The pleadings of plaintiffs sufficiently allege their ownership of the property to admit such proof, and there is no reason why in this action they may not prove that the purchase made by D. N. Lee in his own name was in fact made by him as the agent and for the benefit of T. H. Lee.

As the issue is now made the evidence in no sense changes the written contract.

D. N. Lee testified that "Something like one month before the fire defendant's agent D. M. Mason called on me and demanded an additional premium of one dollar on this policy of insurance, which I paid out of the funds of T. H. Lee & Co." Defendant objected to this testimony on the grounds—

1.　Because the additional premium was not endorsed on the policy.

2.　Because the authority of the agent was limited by the written part of said policy in the following words: "And this company shall not be bound under this policy by any act of or statement made to or by any agent or other person which is not contained in this policy or in any written paper above mentioned."

3.　Because the agent under the terms of the policy was not allowed to waive any rights of the company unless the waiver was endorsed in writing on said policy or some written paper attached to it.

In view of another trial of the cause being had, in which the evidence may be different upon this and other points discussed in the briefs of counsel, we do not think it necessary or proper to do more than indicate what we believe to be the rules affecting the questions.

The limitations contained in the policy as to the powers of the agents of the corporation and the manner of their exercise are not conclusive. The corporation can not so limit or regulate its own powers to contract, and if it chooses to bind itself through its agents otherwise in any respect it may unquestionably do so. If the act is within the scope of the authority of the agent at the time it is done it will be binding upon the corporation without reference to its conformity to restrictions contained in the policy.

As announced by the court in the case of Morrison v. Insurance Company, 69 Texas, 363, "The ground on which insurance companies under policies like that before us are held liable for the acts of their agents done in the exercise of lawful power, but not in the manner prescribed by the policy, is that the agent represents the company and through him it has knowledge of every fact of which its agents have, and by failing to promptly repudiate such acts it is held to have ratified them or to be estopped by its silence when it ought to have spoken."

Appellant complains that the court erred in overruling its motion for

new trial predicated upon the ground that plaintiff never furnished the preliminary proofs of loss as required by the terms of the policy.

It is not disputed that none were furnished.

Plaintiffs insist that they were waived, which defendant disputes.

Plaintiffs charge that defendant after making an investigation of the loss informed them that it would not under the circumstances pay the insurance because of the transfer of the property and the policy without its consent.

·Defendant does not admit this, and insists that it never declined to pay the policy for that or any other reason, but on the contrary expressly warned plaintiffs to follow in all respects the requirements and directions of the policy, which being done the question of its payment would be acted on.

Unless waived the furnishing of preliminary proofs as required by the terms of the contract must be proved before a recovery can be had by plaintiffs for any sum.

If defendant by its agent stated to plaintiffs after the loss that by reason of transfers of the property or the policy, or for any other reason, the right to collect the policy had been lost and that it would not be paid, such announcement would render it unnecessary for plaintiffs to furnish the proof and authorize them to sue and recover if they establish by proof their cause of action.

It would be a useless and unnecessary formality to make proof of loss in the face of a statement that for other reasons, to which the proof did not relate, the policy would not be paid.

The jury should be instructed to find from the evidence whether defendant did inform plaintiff that the policy would not be paid because the property or the policy was transferred without defendant's consent, and if it did that preliminary proofs of loss were thereby waived, but if it did not so inform them then that they can not recover in this action without proving that they were furnished according to the terms of the policy.

Appellees by cross-assignment set out and complain of the following proceedings:

"When the case was called for trial the third time in the court below appellees presented a motion to vacate the order granting a new trial made at the previous term, and to reinstate the judgment rendered on the second trial of the cause of January 13, 1886, because on the 23d day of January, 1886, defendant's motion for a new trial was heard before Hon. Wm. Kennedy, Judge of the Thirty-second Judicial District, in chambers, and was by him sustained and granted, and the judgment theretofore rendered in open court upon the verdict of the jury as aforesaid was then set aside; that at the time of the hearing and granting of said motion for new trial Charles I. Evans, Esq., one of the counsel for plaintiffs, was holding the regular term of the District Court of Mitchell

County as special judge by regular appointment of the Governor to try such causes on the docket of said court as the regular judge was disqualified to try, and on said 23d day of January was holding said District Court in the room in the court house of said Mitchell County set apart by the commissioners for the purpose of holding said District Court, and was then engaged in the hearing of the cause of C. H. Remington v. Jacob Frenkle, No. —— on the docket of said District Court, and Geo. W. Smith, Esq., the only other counsel for plaintiffs, was engaged as one of the counsel for defendant Frenkle in the said cause then on trial before said special judge, and while said cause of Remington v. Frenkle was on trial before said special judge, and while the only other counsel was engaged in the trial thereof, and while the regular term of said District Court was in session in the District Court room as aforesaid, with the clerk and sheriff of said Mitchell County in attendance thereon, the Hon. Wm. Kennedy, Judge of the Thirty-second Judicial District, repaired to the room in the court house of said Mitchell County set apart by the county commissioners for the purpose of holding the County Court, and there caused a deputy sheriff of said county to open court, and then and there called and heard said motion for a new trial and sustained and granted the same at the same time that the regular term of said District Court was in session in said District Court room before said special judge as aforesaid, and caused the clerk of said court to enter an order on the minutes of said court to that effect.

"That the regular term of said court expired by law at midnight on the said 23d day of January, 1886, and said cause of Remington v. Frenkle occupied the whole time of said term, and plaintiffs had no opportunity of being represented on the hearing of said motion for new trial; and alleging that the order granting a new trial was *coram non judice* and void, because the said Wm. Kennedy, judge, etc., had no lawful authority to hear and determine said motion at the time and in the manner and form as hereinbefore set forth, and had no lawful authority to cause the clerk of said court to enter upon the minutes the order granting defendant a new trial. Praying that the order granting defendant a new trial be set aside and held for naught, and that the clerk be ordered to proceed to issue execution on the judgment rendered on said 13th day of January, 1886."

To this motion defendant filed a general demurrer, which was sustained by the court and said motion overruled, and plaintiffs excepted.

We are not called upon by this assignment to express any opinion as to whether it was lawful for two District Courts to be in session in Mitchell County at the same time for all purposes, and we do not. But we have no doubt that the regular or any other judge who has presided during the term may act upon and decide a motion for new trial made in a case tried by him during the term in any room of the court house that

his discretion approves, the attorneys of the parties if present having proper notice of the change if any is made. The fact that an attorney in the case is acting as special judge or as an attorney in another case will neither be a reason nor justification for a judge failing to decide all motions for new trial before the close of the term.

If it was necessary in this instance to hold one of the proceedings unlawful to uphold the other, we would find more ground for so holding the one held by the special judge than the one presided over by the regular judge, as the law required such motions to be acted upon before the end of the term. There was no error in the refusal to vacate the order granting a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 3, 1889.