## PHŒNIX ASSUR. CO., Limited, v. BULLOCH et al.

### No. 2403.

Court of Civil Appeals of Texas. El Paso. April 17, 1930.

Rehearing Denied May 8, 1930.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Houston Wood and Lively & Dougherty, all of Dallas, for defendants in error.

HIGGINS, J.

Plaintiff in error issued to the defendant in error George Bulloch a fire insurance policy, in the sum of $3,000, covering a stock of X-ray merchandise and laboratory equipment situated at 3900 Live Oak street, in Dallas.

On August 8, 1926, the property was destroyed by fire. On December 3, 1926, Bulloch assigned the policy and cause of action to Dora Lindley, who, on June 25, 1928, assigned the same to Mary Ellen Bulloch, wife of George Bulloch, as her separate property.

This suit is by Mrs. Bulloch and her husband to recover upon the policy the loss sustained by the fire. In bar of the action the plaintiff in error pleaded a breach by the assured of the record warranty clause contained in the policy. In reply to this the defendants in error pleaded that after the fire such breach was waived. The facts pleaded and relied upon as constituting such waiver are sufficiently indicated by the issues submitted to and found by the jury.

Briefly stated, the facts found in response to the issues are as follows:

1. A. Zintgraff, on or about August 10, 1926, and after Geo. Bulloch had informed him that he had not complied with the record warranty clause, told Bulloch, in substance, that the policy would be paid according to the amount of the loss sustained by the fire.

2. Bulloch relied upon such statement.

3. Bulloch expended money, time, or labor to furnish the defendant information concerning said loss.

4. During the latter part of August or first of September, 1926, Zintgraff made the same statement to Bulloch indicated in the first finding.

5. Bulloch relied upon such statement.

6. The same finding as in No. 3.

7. Prior to October 26, 1926, M. D. Kinney made the same statement to Bulloch indicated in the first finding.

8. Bulloch relied upon such statement.

9. The same finding as in No. 3.

10. Kinney stated to Bulloch, in substance, that he was willing to pay one-half of whatever loss was found had been sustained not to exceed the amount of the policy.

11. Bulloch relied upon such statement.

12. The same finding as in No. 3.

13. The actual cash value of the property destroyed was $2,894.81 on August 8, 1926.

Zintgraff and Kinney referred to in the findings were adjuster and state agent, respectively, of plaintiff in error.

There being additional concurrent insurance, plaintiff in error could be held liable for only one-half of the value of the property for which amount, with interest, judgment was rendered.

Plaintiff in error in a brief of 118 typewritten pages, much of it single spaced, presents 64 assignments of error with 46 supporting propositions. To separately discuss these assignments and propositions would prolong this opinion beyond any reasonable length and no good purpose would be served by such a discussion.

We shall endeavor to condense as much as possible our rulings upon the various questions presented.

Various assignments question the sufficiency of the evidence to support the findings made. These assignments are overruled. The evidence supports all of the findings.

The undisputed evidence shows the assured did not comply with the record warranty

clause contained in the policy. Of this fact the adjuster Zintgraff was advised by the assured immediately after the fire.

The findings establish a waiver of the breach of the record warranty clause. Home Ins. Co. v. Ft. Worth, etc., Co. (Tex. Civ. App.) 262 S. W. 870; Id. (Tex. Com. App.) 269 S. W. 432; Id. (Tex. Com. App.) 274 S. W. 123; Occidental Fire Ins. Co. v. Fort Worth, etc., Co. (Tex. Civ. App.) 294 S. W. 953.

The doctrine applied in the cited cases is stated in a headnote in 262 S. W. 870, 871, as follows: "Where fire insurer's agent assured insured that, notwithstanding insured's breach of warranty, the policy would be paid, and insured relied thereon and expended time and money in procuring and furnishing the agent evidence of the value of the property destroyed and of that salvaged, insurer thereby waived its right to a forfeiture."

Waiver being established, all propositions are overruled which in different forms assert that recovery is barred by the breach of the record warranty clause. This is the controlling question in the case.

It further follows the court did not err in its rulings upon evidence, permitting proof of the amount and value of the property destroyed.

The ruling upon evidence complained of in the fourth proposition was harmless.

The sixth proposition asserts the first issue submitted is upon the weight of the evidence. It is true this issue assumes that on or about August 10, 1926, Bulloch informed Zintgraff he had not complied with the record warranty clause, but the court was justified in so assuming, for according to Zintgraff's own testimony assured did so inform him. In view of this testimony the seventh proposition is also without merit.

The ninth and thirty-third propositions complain of the refusal of this issue: "Did the plaintiff, George Bulloch, Jr., represent to A. Zintgraff in the negotiations between himself and said Zintgraff relative to said loss, that H. G. Fischer & Company had a set of books prepared for him, which would comply with the record warranty clause contained in the policy, which is the basis of this suit?"

The issue was properly refused, for there is no evidence that Bulloch represented that G. H. Fischer & Co. had a set of books prepared for him which would comply with the record warranty clause. Explanatory of this issue, it may be said that Fischer & Co. were the manufacturers of the articles burned and the assured obtained same from that company.

Those propositions which assert that the rights acquired by the assured under the waiver would not pass to the assignees Mrs.

Lindley and Mrs. Bulloch are unsound, for the reason that the cause of action was assignable.

The remaining propositions have been considered and are regarded as without merit.

Finding no reversible error, the judgment is affirmed.