# Carolina Insurance Company v. J. C. Christopher.

No. 6922.   Decided July 28, 1937.
Rehearing overruled October 20, 1937.
(106 S. W., 2d Series, 138.)

*Thompson, Knight, Baker & Harris,* and *Will C. Thompson,* all of Dallas, for plaintiff in error.

The policy of insurance was breached by a violation of the record warranty clause, and because the agent of the company had no knowledge of such breach there was no waiver on the part of the company, as the agent had the right to assume that the requirements of the policy would be complied with. McPherson v. Camden Fire Ins. Co., 222 S. W. 211; Continental Ins. Co. v. Cummings, 98 Texas 115, 81 S. W. 705; Hartford Fire Ins. Co. v. Post, 62 S. W. 140; First National Bank v. Lancashire Ins. Co., 62 Texas 461.

*Nelson & Smith,* of Tahoka, for defendant in error.

Because the agent of the company knew that the insured had no iron safe in his place of business, such knowledge constitutes a waiver upon the part of his company. Detroit Fire & Marine Ins. Co. v. Wright, 273 S. W. 628; Home Ins. Co. v. Lake Dallas Gin Co., 59 S. W. (2d) 305; U. S. Fidelity & Guar-Co. v. Taylor, 11 S. W. (2d) 340.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The suit is on a policy of fire insurance covering a stock of merchandise located in Tahoka, Lynn County, and consisting principally of tires, tubes, batteries, and other accessories generally carried in a service station, together with the furniture and fixtures used in connection therewith. As to the merchandise the insured, Christopher, admittedly failed to comply with the standard record warranty clause contained in the policy. The insurance company pleaded the breach of that clause by the insured as a defense, and in reply the insured pleaded various acts of the insurer as constituting a waiver of the defense. Special issues covering the different theories of waiver were submitted to the jury and all were answered favorably to the insured. The several issues are disclosed by the opinion of the Court of Civil Appeals and need not be restated. Upon the verdict judgment was rendered in favor of the insured and the Court of Civil Appeals affirmed that judgment. 80 S. W. (2d) 774.

The fire occurred about 2:30 o'clock in the morning at a time when the place of business was closed, and the books and inventories were completely destroyed by the fire. One para-

graph of the record warranty clause reads as follows:

"The books and inventories, and each of the same, as called for above, shall be by the Assured kept securely locked in a fireproof safe at night, and at all times when the building mentioned in the Policy is not actually open for business; or, failing in this, the Assured shall keep such books and inventories, and each of them, in some secure place not exposed to a fire which would destroy said building; and, in event of a loss or damage insured against to the personal property mentioned herein, said books and inventories, and each of the same, must be by the Assured delivered to this Company for examination; or this entire Policy shall be null and void, and no suit or action shall be maintained hereon for any such loss."

The insured never had a fireproof safe in his place of business, nor did he keep his books and inventories in a secure place not exposed to a fire which would destroy the building. On the contrary, they were left exposed to the fire in the building, and, as noted, were totally destroyed.

W. S. Cathey was the agent of the insurance company in the territory in which the insured's business was located. He was not a mere solicitor but appears to have been a local recording agent. See Acts of 1931, p. 150, Ch. 96, Vernon's Texas Statutes, Art. 5062a, Sec. 2. He issued and delivered policies and collected premiums. The policy in suit was issued by him less than 30 days before the fire. A few hours after the fire occurred insured informed Cathey thereof. According to his testimony, which in the main is not disputed, he told Cathey that his station had burned "the night before"; that Cathey then asked him if he lost his books and inventories and upon being informed that he had, suggested that he go to Lubbock and get duplicates. He further testified that he went to Lubbock and got duplicate inventories; that he returned to Tahoka the same day, called at Cathey's office and asked him, "Does my insurance still hold? I have not paid my premium." To which Cathey replied, "Yes, it will hold if you pay me right now." Thereupon insured gave Cathey a check for a year's premium, most of it being unearned. Cathey promptly cashed the check, and in its answer the insurance company made this character of tender thereof:

"It says further that if the plaintiff has paid to its representatives any premium on the policy that same was paid and accepted in ignorance of the defenses herein urged, and the defendant tenders said premium, if any, to the plaintiff, having previously requested of its agent who issued said policy not to accept said premium."

■ The record warranty clause of a fire insurance policy may be waived by the insurer, and this even though the policy be in the form prescribed by the State Insurance Commission. Detroit Fire & Marine Insurance Co. v. Wright, 273 S. W. 628 (error refused) ; Central State Fire Insurance Co. v. Wright, 273 S. W. 629 (error refused) ; St. Paul Fire & Marine Insurance Co. v. Stell, 20 S. W. (2d) 399; Phoenix Assurance Co. v. Bulloch, 27 S. W. (2d) 571 (error dismissed).

■ The facts above recited clearly support the conclusion that the insurer waived its right to have a forfeiture of its policy declared. Propeck v. Farmers Mutual Insurance Association, 63 S. W. (2d) 227; Camden Fire Insurance Association v. Yarbrough, 229 S. W. 336 (error dismissed) ; Phoenix Assurance Co. v. Bulloch, supra; Occidental Fire Insurance Co. v. Fort Worth Grain & Elevator Co., 294 S. W. 953 (error refused) ; German Fire Insurance Co. v. Gibbs, Wilson & Company, 42 Texas Civ. App. 407, 92 S. W. 1068 (error denied) ; 26 C. J., pp. 287-288, Sec. 360.

In the case of Glenns Falls Insurance Co. v. Bendy, (Com. App.) 58 S. W. (2d) 1, opinion written by Justice CRITZ at a time when he was a member of the Commission of Appeals, it was held that the collection and retention of unearned premiums after the fire with knowledge of the breach by the insured of a condition which would render the policy void was a waiver of the breach. In that case the facts disclosed that the premiums were received and retained by the company itself and the question of whether a local agent may bind an insurance company to a waiver after the fire where his act is not ratified by the principal was expressly not decided. We do not here decide whether a mere soliciting agent can bind his principal by a waiver after the fire, but we do hold under the authorities cited above that an agent clothed with the authority to solicit insurance, pass on the risks, issue and deliver policies and collect premiums may bind his principal by a waiver.

■ Of course, there can be no waiver without knowledge. The insurance company contends that even though Cathey may have known that Christopher's store burned and may have known that his books burned in the fire, that no forfeiture of the policy would result unless the fire occurred at a time when the store was closed, and that without knowledge that the store was closed at the time of the fire, Cathey could not be held to have waived the forfeiture of the policy by the acceptance of the premium and the suggestion to procure duplicate invoices after the fire. Cathey did know that the fire occurred at night and that the

books and inventories were destroyed. As we understand the record warranty clause above quoted, the insured was required to keep his books and inventories securely locked in a fireproof safe, or in some secure place not exposed to a fire which would destroy the building, at night regardless of whether his store was open for business. Knowledge that the books and inventories were not so kept at night, but were destroyed, was knowledge of a breach of the record warranty clause.

Having concluded that the judgments of the trial court and Court of Civil Appeals are well supported on the grounds above discussed, it becomes unnecessary for us to consider whether they are supported by the other grounds of waiver discussed in the opinion of the Court of Civil Appeals.

The judgments of the trial court and Court of Civil Appeals are both affirmed.

Opinion adopted by the Supreme Court July 28, 1937.

### ON MOTION FOR REHEARING.

By the authorities cited and the argument made in the able motion of the Insurance Company for rehearing we are convinced that our original opinion should be modified in one particular. The controlling question presented was whether or not the Insurance Company waived the record warranty clause contained in the policy. It contended that the evidence failed to establish that its agent knew that clause had been breached when he accepted the premium payment. We pointed out that the insured informed the agent a few hours after the fire and before the latter accepted and cashed the check for the premium that the station had been burned "the night before," and that his books and inventories had been destroyed by the fire. The contention was that knowledge that the station burned at night was not knowledge that it burned at a time when the record warranty clause required the insured to keep his books and inventories in a fireproof safe or some, other secure place. In disposing of that contention we wrote:

"As we understand the record warranty clause above quoted, the insured was required to keep his books and inventories securely locked in a fireproof safe, or in some secure place not exposed to a fire which would destroy the building, at night regardless of whether his store was open for business."

■ We are now convinced that we fell into error in our construction of the record warranty clause. The object of the clause is to provide against the destruction of the books and inventories

by fire. The assured was required to keep a set of books, and that requirement could be met only by having his books available at all times when his store was open and his business being transacted. The case of Jones v. Southern Insurance Co., 38 Fed. 19, correctly construes the record warranty clause as follows:

"The proper construction of the policy is not that the books shall be kept in the safe from sunset to sunrise, but that they shall be so kept from the time the business of the day is ended, and the store closed for the night. It is part of the business day, and not 'night' within the meaning of the policy, so long as the store is kept open and business transacted, though it be 8, 9 or 10 o'clock at night; in other words, within the meaning of the policy, night begins when the business for the day ends."

This modification of our opinion does not result in a modification of our judgment. By giving to the word "night" as used in the policy the meaning that it denotes that period between the close of one business day and the opening of another, it must still be held that the insured had knowledge of a violation of the record warranty clause at the time when it, through its agent, accepted and cashed the check. Knowledge that the books and inventories were not kept in an iron safe or other secure place at night is knowledge that they were not so kept between the close of one business day and the opening of another. The word "night" as used in the conversation between the insured and the agent of the insurer should be given the same meaning as when used in the policy. The Insurance Company can not be heard to say that it means one period of time in construing the policy and a different period in construing the conversation.

The motion for rehearing is overruled.

Opinion adopted by the Supreme Court October 20, 1937.