Opinion adopted by the Supreme Court.

## CAROLINA INS. CO. v. CHRISTOPHER.
### Motion No. 13116; No. 2093—6922.

Commission of Appeals of Texas, Section A.

Oct. 20, 1937.

For former opinion, see 106 S.W.(2d) 138.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error.

Nelson & Smith, of Tahoka, for defendant in error.

HICKMAN, Commissioner.

By the authorities cited and the argument made in the able motion of the insurance company for rehearing, we are convinced that our original opinion should be modified in one particular. The controlling question presented was whether or not the insurance company waived the record warranty clause contained in the policy. It contended that the evidence failed to establish that its agent knew that clause had been breached when he accepted the premium payment. We pointed out that the

insured informed the agent a few hours after the fire, and before the latter accepted and cashed the check for the premium, that the station had been burned "the night before," and that his books and inventories had been destroyed by the fire. The contention was that knowledge that the station burned at night was not knowledge that it burned at a time when the record warranty clause required the insured to keep his books and inventories in a fireproof safe or some other secure place. In disposing of that contention, we wrote: "As we understand the record warranty clause above quoted, the insured was required to keep his books and inventories securely locked in a fireproof safe, or in some secure place not exposed to a fire which would destroy the building, at night regardless of whether his store was open for business."

We are now convinced that we fell into error in our construction of the record warranty clause. The object of the clause is to provide against the destruction of the books and inventories by fire. The assured was required to keep a set of books, and that requirement could be met only by having his books available at all times when his store was open and his business being transacted. The case of Jones v. Southern Insurance Co. (C.C.) 38 F. 19, 22, correctly construes the record warranty clause as follows: "The proper construction of the policy is not that the books shall be kept in the safe from sunset to sunrise, but that they shall be so kept from the time the business of the day is ended, and the store closed for the night. It is part of the business day, and not 'night,' within the meaning of the policy, so long as the store is kept open and business transacted, though it be 8, 9, or 10 o'clock at night; in other words, within the meaning of the policy, night begins when the business for the day ends."

This modification of our opinion does not result in a modification of our judgment. By giving to the word "night," as used in the policy, the meaning that it denotes that period between the close of one business day and the opening of another, it must still be held that the insurer had knowledge of a violation of the record warranty clause at the time when it, through its agent, accepted and cashed the check. Knowledge that the books and inventories were not kept in an iron safe or other secure place at night is knowledge that they were not so kept between the close of one business day and the opening of another.

The word "night," as used in the conversation between the insured and the agent of the insurer, should be given the same meaning as when used in the policy. The insurance company cannot be heard to say that it means one period of time in construing the policy and a different period in construing the conversation.

The motion for rehearing is overruled.

Opinion adopted by the Supreme Court.