**DEWEY T. ROSS ENGINEERING CORPORATION v. SONNEMAN.**

No. 5876.

Court of Civil Appeals of Texas.
Texarkana.

Feb. 12, 1942.

Rehearing Denied Feb. 26, 1942.

Pollard, Lawrence & Reeves, of Tyler, for appellant.

McEntire & Shank, of Dallas, for appellee.

HALL, Justice.

This is an action upon an itemized sworn account for certain merchandise allegedly sold by appellee, sole owner of the Brownstown Lumber Company of Brownstown, Illinois, to appellant, Dewey T. Ross Engineering Corporation of Tyler, Texas. The account stated is $2,179.88 and runs from October 5, 1938, to June 22, 1939. In the alternative, appellee alleged that the merchandise itemized in his account was of the reasonable value charged therefor and that same was received and used by appellant. Appellant denied generally, and specifically with sworn denials of eleven items of appellee's account and made tender into court of the sum of $985.-81 which it claimed was the total amount owing by it to appellee. Trial was to the court without a jury and resulted in judgment for appellee for $1752.09, together with interest at 6% from date.

Appellant presents eight propositions attacking the findings of the trial court as being without support in the evidence or against the overwhelming weight of the evidence.

The record discloses that appellant, a Texas corporation, was doing business in the oil fields of Illinois under a permit from that state. In its application for a permit, appellant designated A. B. Everett as its managing agent or general agent in the State of Illinois. It is undisputed that Everett occupied this position with appellant during all the times covering the transactions here in controversy. The evidence shows without dispute that appellant corporation was engaged in the business of erecting and dismantling oil well derricks in the oil fields of Illinois; that in carrying on this character of work it required large amounts of lumber and nails. The evidence also shows without dispute that appellee was engaged in the retail sale of lumber and other building materials and his claim here arises from certain items of lumber and nails alleged to have been sold by him to appellant at the instance and request of A. B. Everett, either in person or through one Jack Hunter.

The trial court found as a fact that A. B. Everett was the agent of appellant in the State of Illinois. This finding is in no way attacked by appellant. Under such circumstances, Everett's "powers are coextensive with the powers of the corporation he represents." Helms v. Home Owners Loan Corp., 129 Tex. 121, 103 S.W.2d 128, 134, and authorities there cited. Everett was "virtually the corporation itself". Sealy Oil Mill & Mfg. Co. v. Bishop Mfg. Co., Tex.Com.App., 235 S.W. 850, 852. It is the contention of appellant, however, that its requirement that a "field order be given for all purchases of material for its account" was not complied with respecting the items of the account here in dispute. It is also contended that appellee knew of this requirement. This first contention is undisputed and was so found by the trial court, but the last contention was a disputed issue upon the trial. The trial court found that appellee "had no notice of this instruction to Everett while any of the items of the account sued on accrued." This finding is amply supported by the evidence. Under this finding the appellant's instructions to its agent, Everett, with respect to the issuance of field orders as a prerequisite to creating a charge against it would not be binding upon appellee. Niagara Ins. Co. v. Lee, 73 Tex. 641, 11 S.W. 1024; Denison Peanut Co. v. McCraw's, Inc., Tex.Civ.App., 127 S.W.2d 499. In 2 C.J.S., Agency, § 95, p. 1203, it is said: "The authority of the agent is to be tested and determined by the character bestowed upon the agent and not by the instructions given him by the principal, so far as innocent third persons are involved, so that acts or transactions may be within the sphere wherein an agent can impose liability on the principal although outside of the agent's authority as qualified by private instructions." There is no contention, and indeed there could be none, that the purchase of material such as that forming the basis of the charges against appellant was without the general scope of Everett's authority.

As to the purchases made by appellant's employee Jack Hunter, the evidence is that he was acting under orders from its agent, Everett, in making such purchases and for that reason appellant would be bound. Especially is this true in view of the fact that the materials were purchased and used on jobs of appellant as found by the trial court.

We have carefully examined all the findings of fact of the trial court as well as the statement of facts, and conclude

that each and all of said findings have support in the evidence. They are therefore binding upon this court. First State Bank of Temple v. Metropolitan Casualty Ins. Co., 125 Tex. 113, 79 S.W.2d 835, 98 A.L.R. 1256, and authorities there cited.

■ Appellee has directed our attention to a mistake in calculation by the trial judge of the amount of recovery allowed him in the judgment. The trial court's conclusion of law is "the court concludes, from the facts set out, that the plaintiff (appellee) is entitle to recover from the defendant (appellant) the balance of the account sued on ($2179.88) less the item of $318.24, and the sale tax thereon ($9.-55), leaving a balance of $1752.09." It is apparent that the correct balance is $1,852.-09. The judgment is reformed so as to effect an award of $1,852.09, and as so reformed the judgment of the trial court is affirmed.