**STATE FARM FIRE & CASUALTY COMPANY, Appellant,**

v.

**Grace WARD, Appellee.**

**No. 7212.**

Court of Civil Appeals of Texas.
Amarillo.

Jan. 21, 1963.

Rehearing Denied Feb. 25, 1963.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

Clayton, Martin & Harris, Amarillo, for appellee.

NORTHCUTT, Justice.

Grace Ward, as plaintiff, brought this action against State Farm Fire & Casualty Company, as defendant, to recover on a policy of fire insurance in the amount of $10,000. The parties hereafter will be referred to as plaintiff and defendant as they were in the trial court. On March 12, 1958, the defendant executed and delivered to the plaintiff a fire insurance policy in the sum of $10,000 for a period of five years commencing on the twelfth day of March 1959, and ending at noon standard time on March 12, 1963, insuring plaintiff against loss and damage by fire to one certain frame, two-family dwelling, residential structure, residentially known as 1105 West 19th Avenue in the City of Amarillo, Potter County, Texas, and being described as being situated on Lot 3, Block 13 of Lakeview Addition to the City of Amarillo, Potter County, Texas. There is no question here about the premiums not being paid. Lot 3 was sold to the State of Texas with plaintiff retaining ownership of the building with the right to remove the same. While the building was being transferred from Lot 3 to another location, it was destroyed or partially destroyed by fire.

It was the contention of defendant it was not liable under the terms of the policy because the policy provided it insured plaintiff "against direct loss from any other perils (listed below) which have a premium inserted opposite thereto and only on the property described and located as provided hereon" and that the policy contained no provision which would afford coverage while the property was located at another or different location. Defendant further contended it was not liable under the policy because the policy contained the following condition: "Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring (a, b, and c applicable only to coverage F-Fire); (a) while the hazard is increased by any means within the knowledge and control of the insured, provided such increase in hazard is not usual and incidental to the occupancy as hereon described."

The plaintiff contended that before removing the dwelling from Lot 3, she called Lester E. McKinney, the local recording agent of defendant, being the agent who sold the policy to her, and explained to him about wanting to remove the house in question and asked him if her insurance would still be in force. That she told him, if not, she wanted to take out other insurance so she would be protected, and that McKinney assured her that the insurance would be in full force and effect, and by reason of such representations and assurances made by the agent to the plaintiff, the defendant was estopped from the truthfulness of such representations and assurances to the prejudice of the plaintiff.

Defendant contended that because the policy contained the provision that any changes made and perils added must be in writing properly executed by an authorized agent of the company and attached to the policy, and that no provision could be waived except such as by the terms of the policy was subject to change, it was not liable since this was not complied with. Defendant further pleaded Article 6.13 of the Texas Insurance Code, V.A.T.S., which was a part of the policy, was not applicable because the property in question constituted personal property and was not a total loss and Article 6.13 limited any recovery by plaintiff.

In reply to special issues submitted by the court the jury found the dwelling was a total loss as a result of the fire; that on the day of the fire the house had a reasonable cash market value in Potter County, Texas, of $6,000; that prior to moving the house the plaintiff contacted Lester E. McKinney regarding the removal of the house and that McKinney represented to the plaintiff that she would have insurance covering her house insuring it against fire loss during the period while it was being moved; that plaintiff relied upon such representations as made to her by Lester E. McKinney in moving her house; that the moving of the house from one location to the other in the manner described in the evidence increased the hazard of fire and such increased hazard was not usual and incidental to the residential occupancy described in the policy. Upon the verdict of the jury the court rendered judgment for the plaintiff for $6,000.

Both parties appealed from the judgment of the trial court. Since plaintiff's sole contention is that she was entitled to the full face value of the policy of $10,000, we will first consider plaintiff's appeal. The policy contains Article 6.13 which provides in case of total loss by fire of property insured, the policy shall be held and considered to be a liquidated demand against the company for the full amount of such policy but that the provision of the article did not apply to personal property. If the dwelling had been burned while still located on Lot 3 as part of the real estate, then Article 6.13 would have applied. Since the jury found the dwelling was a total loss, the plaintiff would have been entitled to the $10,000 as liquidated demand. When the dwelling was severed and being moved from the realty, it was reimpressed with the character of personalty and Article 6.13 did not apply and the liquidated demand provision would not be determina-

tive of the loss. The jury found the dwelling was a total loss and that it had a reasonable cash market value in Potter County, Texas, and that such value was $6,000. The plaintiff would not be entitled to recover more than the value of the dwelling since it was personal property. Lane v. Davis, Tex.Civ.App., 337 S.W.2d. 292; Longino v. Wester, Tex.Civ.App., 88 S.W. 445 (writ refused). Plaintiff's assignments of error are overruled.

The main contention of the defendant is that the trial court erred in not granting judgment for the defendant that plaintiff recover nothing because of the finding of the jury that the moving of the house from one location to the other increased the hazard for fire and that such increased hazard was not usual and incidental to the residential occupancy described in the policy. It is further contended the court erred in admitting testimony of Mrs. Ward with respect to her conversation with McKinney, over defendant's objections, because such testimony amounted to McKinney's construction of the contract (policy).

As to the other assignments of error, concerning no evidence, insufficient evidence, admissibility of evidence and insurable interest, we will not consider further other than to overrule them. Old Colony Insurance Company v. Messer, Tex.Civ. App., 328 S.W.2d 335 (NRE).

■ McKinney was the local recording agent of the defendant and executed the policy in question and had authority coextensive with that of the company insofar as writing insurance was concerned thereby removing all questions of the local agent's actual or apparent authority from the field of dispute. Shaller v. Commercial Standard Insurance Company, 158 Tex. 143, 309 S.W.2d 59 and the many cases there cited.

■ The plaintiff testified before she removed such dwelling, she called and talked to McKinney and explained to him that she was going to remove such dwelling; that her insurance premium was due and she wanted to know if she would be covered by insurance if she removed the house and that he assured her that it would be covered with insurance—that she relied upon his assurances and mailed her check that afternoon for her premium. The check for the premium was cashed by the defendant. The jury found that plaintiff contacted McKinney regarding the removal of such house and that McKinney represented to the plaintiff that she would have insurance covering her house insuring it against fire loss during the period while it was being moved and that plaintiff relied upon such representations. We are of the opinion that McKinney, local recording agent of defendant, had the authority to make such agreement. But should we be wrong in so holding, since plaintiff pleaded estoppel, the defendant would be estopped from denying such agent had that authority. International Fire Insurance Co. v. Black, Tex.Civ.App., 179 S.W. 534 (writ refused). Further, McKinney knew the house was going to be moved and defendant was chargeable with notice of whatever its agent writing the policy at the time of making such assurance that the policy would still be in effect knew. National Guaranty Fire Ins. Co. of Newark, N. J. v. King, Tex.Civ.App., 24 S.W.2d 501 (writ refused).

It is quoted in the case of New York Fire Ins. Co. v. Reed, Tex.Civ.App., 138 S.W.2d 138 (writ refused) as follows:

"It is now well settled in Texas that a provision in an insurance policy that no condition or stipulation shall be waived except by a written indorsement attached to the policy is ineffectual to prevent a parol waiver of such provisions and conditions by an authorized agent acting within the scope of his authority. Morrison v. Insurance Co., 69 Tex. 353, 6 S.W. 605, 5 Am.St.Rep. 63; Wagner & Chabot v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S.W. 569; Niagara Ins. Co. v. Lee, 73 Tex. 641, 11 S.W. 1024. These cases

are based on the proposition that an insurance corporation cannot thus limit its power subsequently to contract in any lawful manner by and through its authorized agents acting within the scope of their authority. For the same reason, a stipulation in the policy that only certain officers and agents named therein shall have the power to waive the conditions of the policy does not preclude an authorized agent, other than the officials named, acting within the scope of his authority, from effecting such a waiver. United States Fidelity & Guaranty Co. v. Taylor (Tex.Civ.App.) 11 S.W.(2d) 340 (writ ref.)."

The Supreme Court in the case of Shaller v. Commercial Standard Insurance Company, 158 Tex. 143, 309 S.W.2d 59, quoting from and approving the holding in the Reed case, quoted as follows:

"In Home Insurance Company of New York v. Roberts, 129 Tex. 178, 100 S.W.2d 91 this Court construed Article 5062a, Vernon's Ann.Tex.Statutes from which Article 21.14, Vernon's Tex.Ins. Code was largely taken, and directly held that the authority of recording agents is found in the statute and was not subject to subsequent restriction even by contractual provisions contained in the policy itself. Following the Roberts case, Mr. Justice Folley speaking for the Court of Civil Appeals in New York Fire Insurance Company v. Reed, 138 S.W.2d 138, wr. ref. said:

" 'In making the appointment under Article 5062a the appellant placed its mantle of authority upon Casey's (the local recording agent) shoulders and, in effect, held him out to the public as an agent authorized to "write, sign, execute- and deliver policies of insurance" and to bind the company "on insurance risks", the terms of the policy to the contrary notwithstanding. Under his appointment Casey had as much authority with reference to insurance risks as any that could possibly have been bestowed by the appellant upon Floyd West & Co. (the general agent). As was said in the Roberts case, Casey "had the authority to speak and act for the company, and transact all the insurance business of the company which it was authorized to transact under its permit from the state". What more authority could Floyd West & Co. have had? We think it evident that in enacting article 5062a the Legislature no doubt had in mind just such circumstances as existed in the instant case. * * * Knowing no doubt that such circumstances as these oft-times worked undue hardships upon an unsuspecting public, the Legislature enacted a law whereby the public, in dealing with fire insurance agents, might have some statutory assurance of the agent's authority to bind the company.' "

Finding no reversible error, the judgment of the trial court is affirmed.