THE EMPLOYER'S LIABILITY ASSURANCE CORPORATION v. MRS. MARY
ROCHELLE.

No. 992.

1. **Accident Insurance—Change to Less Hazardous Occupation—Benefit of Exception not Forfeited.**

Where a railway employe takes out an accident insurance policy, contracting to pay the higher premium demanded for such hazardous employment, he does not, by afterwards changing his occupation to the less hazardous one of a farmer, forfeit his right to the benefit of an exception in the policy allowing railway employes to board a moving train.

2. **Same—Pleading—Negative Averments as to Matters of Defense.**

It is not incumbent on the plaintiff, suing upon an accident insurance policy, to deny that the insured came to his death by any of the means which, by the terms of the policy, would relieve the defendant from liability thereon, such exceptions in the policy being matters of defense.

3. **Same—Payment of Premiums—Separate Periods of Insurance—Forfeiture.**

An accident insurance policy was issued in consideration of an order on the employer of the insured for the premiums, such order directing separate payments of a specified sum for each of four consecutive months, and reciting that the first payment makes the policy good for two months, the second for four, the third for seven, and the fourth for twelve months from date of policy, and the policy declared that the premiums specified in the order were for consecutive periods of two, two, three and five months, and each should apply only to its corresponding insurance period, and that the insurer would not be liable for injuries to the insured during any period for which its respective premium had not been paid. The employer, after making two of the payments, returned the order to the insurer, with a refusal to make the third payment, because, and with notice that, the insured had left its employment and nothing was due him that month. Held, that the policy was not a contract of insurance for the entire period of a year, but for separate periods, and ceased to operate after the expiration of the periods for which the premiums had been paid.

4. **Same—Return of Order and Notice of Nonpayment.**

That the order was not returned to the insured, and notice given him of its nonpayment, was immaterial, as also the fact that the insured re-entered the service of his employer, so that pay was due him the next month after such nonpayment.

5. **Waiver of Proofs—Denial of Liability.**

The denial of liability and refusal to pay its policy by an accident insurance company, in order to amount to the waiver of the notice of the accident acquired by the policy, must be made within, and not after, the time in which proof of the accident and injury can be made.

6. **Same—Statutory Penalty.**

A recovery of the statutory penalty of twelve per cent upon the amount of an insurance policy for failure to pay the policy within the time specified, after demand made, cannot be had where there is no proof showing demand made for payment within the required time.

APPEAL from Smith. Tried below before Hon. FELIX J. McCORD.

*H. C. & Cone Johnson* and *T. O. Woldert*, for appellant.—1. Where the policy is attached to the petition plaintiff must allege and prove that the injuries were not the result of the causes for which by the terms of the policy the company is not liable. Insurance Co. v. Co-operative Association, 77 Texas, 225; Insurance Co. v. Boren, 83 Texas, 97.

2.   Notice and proof of death must be given in the time and manner provided in the policy, and when so provided, is a condition precedent to a recovery.   When the time for such notice and proof has once expired, and the policy provides for a forfeiture in case of failure to give such notice and proof, there can be no waiver, except upon a consideration such as would support a new contract.   Wood on Fire Insurance, sec. 412; 13 Am. and Eng. Enc. of Law, 657.   As to forfeiture after the expiration of the time allowed by the policy:   Insurance Co. v. Mattingly, 77 Texas, 164; Insurance Co. v. Sparks, 62 Ga., 187.   See also 48 N. W. Rep., 798.

3.   The order was not an assignment of the whole sum of $15 to be paid out of any wages to become due to Price, but only of the sum of $3.75 out of the wages of each of the months specified, and the railroad company would not have been protected by the order had it paid the December installment out of the January wages.   The policy had lapsed or expired by its own terms by reason of the failure of Price to earn wages for the month of December out of which the installment for that month could be paid, and notice to him was unnecessary.   Insurance Co. v. Williams, 15 S. W. Rep., 478; Insurance Co. v. LePert, 52 Texas, 504; Insurance Co. v. Busby, 3 Willson C. C., sec. 102; McMahon v. Insurance Co., 77 Iowa, 229; Bane v. Insurance Co., 85 Ky., 677; Insurance Co. v. Barbour, 17 S. W. Rep., 796; Bradley v. Insurance Co., 32 Md., 108; Lantz v. Insurance Co., 139 Penn. St., 561; Insurance Company v. Dorman, 25 N. E. Rep., 213.

4.   The court erred in instructing the jury as follows:   "Under the conditions of the policy a railroad man was allowed to get off and on a moving train propelled by steam, and this in a railroad man was not extra hazardous.   Now, in this case it is admitted that Price was killed while getting on a moving train.   Now, then, if Price had quit the employment as a railroad man this would not deny his right to get on a moving train, unless he had engaged in other business more hazardous than that of railroading,"—because by the terms of the policy the defendant company would not be liable for injuries occasioned in that manner.   Wood on Fire Ins., sec. 375; Insurance Co. v. Shoe Factory, 80 Penn. St., 375; Miller v. Insurance Co., 39 Minn., 548; Hull v. Equitable Accident Co., 41 Minn., 548; 47 Texas, 22; 42 Texas, 451; 56 Texas, 75, 76; 75 Texas, 155; 5 Neb., 212; 83 Ill., 427; 90 Ill., 70.

*Duncan & Jones*, for appellee.—1.   It is not necessary to negative the exceptions in insurance policy, or to show that the injury complained of did not occur by or through any of the means or in any of the ways which would avoid liability on the part of defendant, but the exceptions are matters of defense which must be plead and proved by the defendant.   Insurance Co. v. Dyches, 56 Texas, 556; Insurance Co. v. Rivers, 28 S. W. Rep., 453; Meadow v. Insurance Co., 31 S. W. Rep., 578; Insurance Co. v. Fred, 32 S. W. Rep., 244.

2.   Proof of loss was waived by denial of all liability on the policy.

Insurance Co. v. Shrode, 31 S. W. Rep., 1100; Insurance Co. v. Clancy, 71 Texas, 11; Insurance Co. v. Coffee, 61 Texas, 287; Insurance Co. v. Toby, 30 S. W. Rep., 1111; Insurance Co. v. Mattingly, 77 Texas, 162.

3. The assured was entitled to notice of the failure of the railroad company to pay the order for December and January, of its returns to the insurance company and of the cancellation of the policy. Lyon v. Insurance Co., 55 Mich., 141; Eury v. Insurance Co., 14 S. W. Rep., 929.

4. The assured, being insured as a railroad employe and paying the premium of that risk, was within the exception which authorized him, as a railroad employe, to get on and off moving trains, and the fact that at the moment he was not working for the railroad company would not take his case out of the exception.

5. On failure of the defendant to pay the policy within the time specified therein, it becomes liable to pay the holder of same, in addition to the amount of the loss, twelve per cent damages on the amount of such loss, together with all reasonable attorney fees for the prosecution and collection of the loss. Sayles' Civ. Stats., art. 2953; Insurance Co. v. Chowning, 86 Texas, 653.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal is from a judgment rendered for appellee for $2248.75, against appellant upon an accident insurance policy for $1500, issued to W. A. Price, the then husband of appellee. The amount recovered included the amount of the policy, interest, a penalty of twelve per cent on the amount of the policy, and attorney's fees in the sum of $250. The policy was issued on September 26, 1889, and a copy of the policy was made a part of the petition. The portions of the policy bearing upon the questions discussed in the briefs of counsel are as follows: "In consideration of the warranties contained in the application for this policy, which is made a part hereof, and of an order on the paymaster of the employer of the person hereby insured, for $15, the Employers' Liability Assurance Corporation does hereby insure W. A. Price from date of this policy, at noon, for the period or periods specified in the agreements and conditions herein contained, including those printed on the back of this policy, against bodily injuries within the meaning of this policy, caused by external, violent and accidental means, subject and according to such agreements and conditions, in the principal sum of $1500."

Among other agreements and conditions of the policy were the following: (1) "The premiums specified in the paymaster's order herein referred to, are premiums for consecutive periods of two, two, three and five months—and each shall apply only to its corresponding insurance period. And the corporation will not be liable for any injuries sustained by the insured during any period for which its respective premium has not been actually paid. (2) This policy does not insure against death or any kind of disablement occasioned, directly or indirectly, by enter-

ing or by trying to enter or leave a moving carriage using steam or electricity as a motive power, railroad employes excepted.    (3) In the event of any accident hereby insured against, happening to the insured, written notice containing full name and address of the insured, with full particulars of accident, shall be given within thirty days of its occurrence to the managers, or the agent of the corporation, whose name is endorsed on this policy.    (4) Unless affirmative proof of death or duration of disability be furnished within seven months from time of accident, all claims based thereon shall be forfeited to the corporation."

The order given by the assured on the railroad, of which he was then an employe, was in these words: "Pay to the Employers' Liability Assurance Corporation, Limited, the following sums: $3.75 for October, 1889; $3.75 for November, 1889; $3.75 for December, 1889; $3.75 for January, 1890.  These sums are premiums on an accident insurance policy issued to me by the said corporation, bearing the same date and number as this order.   If the agreements and conditions of said policy are complied with, the first payment makes said policy good for two months; the second payment for four months; the third for seven months; and the fourth for twelve months, respectively, from said date."

The petition alleged that the policy was payable to plaintiff in case of the death of the insured by accident; alleged compliance with and performance of the agreements and conditions of the policy, and the death of the assured by accident; that within the required time defendant was notified of the death of said Price, and the manner in which he was killed, and that immediately after receiving the notice, the defendant refused to recognize or consider the claim of plaintiff for any part of the policy, on the ground that the policy had expired at the time of the injury and death of Price.   The defendant answered the plaintiff's suit by general and special exceptions, by general denial, and by special averments, that the policy was not in force at the time of the accident which caused the death of the insured, by reason of the fact that the order given upon the paymaster of the railroad for which the insured was working at the date of the order for the payment of the premium covering the period in which the insured was killed, had not been paid. Defendant also answered that the insured was killed by a moving train of steam cars while attempting to board the same, and that, under the terms of the policy, defendant was not liable for injuries received under such circumstances.

The first assignment of error, is, we think, without merit.   The petition does, by its terms, allege that the plaintiff was the beneficiary of the policy.   Nor did the court err in giving the instruction to the jury complained of under the appellant's twelfth assignment of error.   The insured, when he took out the policy, was a railroad employe, and by ceasing to be such, and becoming a farmer, he did not thereby forfeit the benefit of the exception in the policy in favor of railroad employes. He had contracted to pay the higher premium demanded for insurance against accident to those engaged in hazardous employments; and it

does not lie in the mouth of the defendant, for the purpose of avoiding its contract, to say that the insured, when injured, was engaged in an occupation less dangerous to life or limb than was his occupation at the date of the policy, and that therefore the exception in the policy, allowing railroad operatives to board a moving train, was inoperative at the time of the accident. As one contracts, so is he bound.

The court did not err in overruling the defendant's fourth exception to the petition. It was not incumbent on plaintiff to deny that the insured came to his death by any of the means which, by the terms of the policy, would relieve the defendant from liability under its contract. The exceptions in the policy were matters of defense. Insurance Co. v. Fred, 32 S. W. Rep., 244; Meadow v. Insurance Co., 31 S. W. Rep., 578; Insurance Co. v. Rivers, 28 S. W. Rep., 453.

One of appellant's assignments is, that the court refused to give the following charge at request of defendant: "Under the terms of the contract of insurance in this case, the payments specified in the paymaster's order were premiums for consecutive periods of two, two, three and five months, and that each installment when paid should apply to its corresponding insurance period; and the defendant company would not be liable for injuries sustained by the insured during any period for which the premium had not been paid. That is, the two payments for October and November, 1889, made the policy good till January 26, 1890; but if Price quit the employment of the railroad company, and earned nothing for the company during the month of December, 1889, and the premium for that month was not actually paid, then Price had no insurance at the time he was injured, in February, 1890, and the defendant company would not be liable, and plaintiff cannot recover; and the fact that Price had returned to work in the company's month of January would be immaterial."

This charge, in our opinion, correctly presents the law of the case, and should have been given, and for the refusal of the court to give it, the judgment is reversed and the cause remanded. The insurance was one from period to period; the order on the paymaster directed the payment of the premiums respectively out of the wages of the insured due him, for the respective months of October, November, December and January, and by the express words of the policy the corporation was not to be liable for any injuries sustained by the insured during any period for which its respective premium had not been actually paid. The premium due for the period commencing December 26, 1889, and ending February 26, 1890, was due and payable by the terms of the order out of wages earned in the month of December; there was no evidence that this premium was paid, but, on the contrary, the evidence was that the order was presented for payment to the paymaster of the railroad early in December, and payment was refused and this order returned to the defendant with the information that payment was refused because Price had ceased to be an employe of the company; and the evidence showed that he quit the employment of the railroad company some time

in November, and not later than the 20th of that month, and did not enter its employment again until the 26th or 27th of December; and that the term of service of the employes of the railroad company commenced on the 26th of each month, and the wages of Price for the five or six days service rendered the railroad in December were reported by his foreman as January wages, and paid as such by the company upon the order of Price, given to one Moore. The custom was to pay such orders early in the month in which the premium was due. We are of the opinion that it was not obligatory upon the defendant to notify Price of the refusal of the railroad to pay the order; that the premium was not collectible except in the manner dictated by the order; that it was optional with Price whether he would continue the policy or not, and, upon refusal of the railroad to pay his order, he did not become liable to the defendant company upon the order; but, upon his failure to pay the premium due in December, the policy, ex vi termini, ceased to operate, and the defendant company would not be liable. Bane v. Insurance Co., 85 Ky., 677; Insurance Co. v. Barbour, 17 S. W. Rep., 796; McMahon v. Insurance Co., 77 Iowa, 229; May on Insurance, sec. 344, and case cited.

It is insisted by appellee that the policy was a contract of insurance for the term of one year, the premiums paid in installments, and that the defendant could not relieve itself from liability because of failure of the railroad company to pay the December installment, without notice thereof to the insured, and return to him of his orders upon the paymaster of the railroad. In this view we cannot concur; the language of the policy forbids such construction of the contract. This is not a case of insurance for an entire period, with notes given by the insured for the premiums as they become due. In such case, the policy is not forfeited by failure of payment of a premium note at maturity, and the insurance company cannot cancel the contract without notice, and return of the unpaid note to the insured. If the contention of appellee should be held to be the law, we apprehend that railroad employes will cease to have the privilege of insurance upon the terms and conditions afforded in this policy. It is not to be supposed that insurance companies would be willing to enter into such contracts, if, in order to protect themselves from liability, after failure of the insured to pay a premium, the defaulting railroad employe, one of a class of transient persons, is to be hunted up and his order returned to him, with notice of the cancellation of the policy by the company.

Between the case of Lyon v. Insurance Co., 55 Mich., 141, cited by appellee, and this case, and the case of Bane v. Insurance Co., 85 Ky., 677, as is pointed out in the opinion delivered in the latter case, there is this material difference. In that case, Lyon had in the treasury of the railroad company money earned by him during the month of May sufficient to pay the order payable in that month, and which was for the premium covering the period of insurance in which the insured, Lyon, was accidentally killed. The orders on the paymaster of the railroad

were all left with the railroad, and it paid the first two, and so reported the insurance company, but the third order it neglected to pay, although it had in its hands money subject to the payment of that order.    The defendant company did not present the order and demand payment, but left the orders all with the railroad, and trusted it to make payment upon the orders as the wages fell due, and this was neglected by the railroad in regard to the third order, without fault on the part of the insured.

In this case, and in the cases cited from 85 Ky., 677, the order was returned to the insurance company, with the information that the same was not paid, because the insured had no funds in its hands; and, in each case, the insured, at the time of default in payment of the ·order, had ceased to be an employe of the railroad; this last fact was also communicated by the railroad to the insurance company in this case, when the order payable in December was returned to it early in that month.    Upon this important difference in the cases, it can hardly be said that the Kentucky decision is in conflict with that rendered by the Michigan court, notwithstanding some expressions in the opinion of the latter court seemingly at variance with the law as determined by the Kentucky decision.

The sixth, seventh, eighth, ninth and tenth assignments are, in the opinion of this court, well taken; the letters referred to in the first four of these assignments should have been excluded from the evidence, and the court erred in admitting them over the objections of appellant. These letters were all written long after the expiration of the periods when notice was required to be given to the defendant of the accident and its attending circumstance, and in which proof of the accident and consequent injury could be made, if demanded by the defendant.    Its denial of liability and refusal to pay its policy by an insuring company, to amount to a waiver of the notice required by the policy, must be made within the time in which proof of the accident and injury can be made.    The accident occurred in February, 1890, and the letters were all written during the following year, while the policy required notice of the accident to be given within thirty days, and proof to be made within seven months.    One of these letters, the one to Moore, would have been inadmissible, had it been written within seven months after the accident.    Moore was a stranger to the contract, and declarations made to him would not avail the plaintiff.    Vankirk v. Insurance Co., 48 N. W. Rep., 798; Insurance Co. v. Sparks, 62 Ga., 187.    These letters being excluded, as they should have been, there would have been no evidence to authorize the charge of the court complained of in the tenth assignment of error.

The appellant further complains that the plaintiff was permitted to recover the statutory penalty of twelve per cent upon the amount of the policy, for failure to pay the policy within the time specified, after demand made.    We think this complaint is just.    There being no demand made for payment, no penalty was incurred by the company.    What

we have said sufficiently disposes of the appeal, we think, and we will
therefore refrain from discussing the remaining assignments.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 23, 1896.