## PROPECK v. FARMERS' MUT. INS. ASS'N OF GRAYSON COUNTY.*

No. 11307.

Court of Civil Appeals of Texas. Dallas.

July 1, 1933.

Rehearing Denied Sept. 23, 1933.

J. H. Randell, of Denison, for appellant.

B. F. Gafford, of Sherman, for appellee.

LOONEY, Justice.

Appellant, Le Roy Propeck, sued Farmers' Mutual Insurance Association of Grayson county, Tex., on a fire insurance contract to recover for the destruction of a barn and contents, alleged to have been destroyed within the terms of the policy, and, from an adverse judgment, prosecutes this appeal.

Appellee is a mutual fire insurance association that insures its members on the assessment plan; the provisions of the policy and by-laws of the association constitute the contract between the parties. Appellant's policy was issued May 12, 1923, covering a dwelling in the sum of $800, contents $200, a barn $500, and its contents $200, a total of $1,700, the premium being 25 cents per $100, making each assessment $4.25. Prior to October 1, 1930, appellant paid all assessments levied under the contract, but on that date failed to pay, hence became delinquent on an assessment, of which he was duly notified, and, while in this state of delinquency, his barn and its contents were destroyed by fire. On the day of the fire, October 15, 1930, but after its occurrence, appellant remitted the belated assessment, which was received the following day and retained by appellee. Also on the day following the fire Mr. G. W. Brown, a director and a duly authorized representative of appellee, visited appellant's farm, inspected the burnt premises, made up a written report of the fire and damage, which was signed by Mr. Brown and appellant, and delivered to appellee. The by-law and policy provisions (blended) provide in substance that, should a member fail, refuse, or neglect to pay an assessment on the 30th day after the

same is made, and notice thereof received, a forfeiture of membership and all rights and privileges pertaining thereto ensue, and the policy becomes null and void, and liability thereunder automatically ceases, and thus remains, until such time as the assured is restored to membership, which takes place on payment of all amounts due the association, but the last assessment, being a premium for past protection, shall be paid.

A number of issues were presented, but the paramount question presented below, and insisted upon here, is reflected by an excerpt from appellee's brief, as follows: "Appellee defended on the grounds that appellant became delinquent on October 1, 1930, 30 days after the assessment No. 109 was made upon him September 1, 1930, and by reason of his failure to pay same on or before that date, October 1, 1930. And that being delinquent under sec. 3, art. 5, of the by-laws, appellant forfeited all his rights, privileges and membership in the association, and his policy became null and void, and that all liabilities of the associations thereon automatically ceased."

■■ If the case is to be narrowed to the question as stated by appellee, it is obvious that the court did not err in rendering judgment for appellee, but we cannot assent to the proposition that the case should be determined alone on the facts mentioned, because, as we view the record, it appears that, with full knowledge of all the facts, appellee treated the contract as continuing, and acted in such a way as to estop itself to insist upon forfeiture. However, in this connection, appellee contends, in effect, that these issues are not in the case, and cannot be considered as basis for judgment, because not pleaded. In this we think appellee is in error. In a supplemental petition, appellant alleged, among other things, that "his membership was never forfeited, and that he is and has always been in good standing as a member of the association. * * * The association has never denied liability, but it and its president, secretary-treasurer, directors and officers, have always admitted liability up to the present time, and requested plaintiff not to sue but wait and recover his damages first from the Railroad Company for the burning of the insured property. So plaintiff waited, and is still waiting, and also filed suit against the Railway Company for the wrongful burning of plaintiff's said barn and contents."

We think on a fair, reasonable interpretation of this language, one most favorable to the pleading, that a sufficient predicate is furnished for the admission of evidence, both of waiver and estoppel. On these issues, the undisputed facts are that the day following the fire appellee received payment of the belated assessment, and through an authorized representative received written report of the fire and the damages, duly signed by appellant and said representative; that, with full knowledge of appellant's delinquency and of the facts just stated, appellee did not declare a forfeiture, but continued to treat appellant as a member of the association, recognizing the policy as a continuing contract, by virtue thereof, regularly levied upon and collected from appellant, assessments representing 25 cents per $100 on the remaining coverage of $800 on the dwelling, and $200 on contents. These undisputed facts, in our opinion, established waiver.

■ The doctrine of waiver was stated by Special Chief Justice Flewellen (of the Supreme Court) in Bailey v. Sovereign Camp W. O. W., 116 Tex. 160, 286 S. W. 456, 457, 288 S. W. 115, 47 A. L. R. 876, as follows: "When, under a policy of insurance, a forfeiture has been worked and the insurer has knowledge of the existence of facts which constitute the forfeiture of the certificate or policy, any unequivocal act done after the forfeiture has become absolute, which recognizes the continued existence of the certificate or policy, or which is wholly inconsistent with a forfeiture, will constitute a waiver thereof. See Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101, and cases therein cited." To the same effect see: Fidelity Lloyds v. Geddie (Tex. Com. App.) 296 S. W. 500; Stone v. Brady Mutual Life Ins. Ass'n (Tex. Civ. App.) 2 S.W.(2d) 538; Glens Falls Ins. Co. v. Bendy (Tex. Civ. App.) 39 S.W.(2d) 628, 631 [affirmed (Tex. Com. App.) see 58 S.W.(2d) 1]; 24 Tex. Jur. 883, 885, § 151.

■ It further appears that, when payment was demanded of it, appellee did not deny liability, but requested appellant to wait and first try to collect damages from the Missouri-Kansas & Texas Railway Company (allegedly responsible for the fire); that, as requested, appellant endeavored to settle with the railroad company, but, failing, filed suit against said company before the institution of the present suit against appellee. These facts are not only cumulative evidence of the waiver, but, in our opinion, are sufficient to estop appellee to insist upon forfeiture as a bar to plaintiff's right to recover.

■ The doctrine is well recognized that, when an insurer with notice of facts which, if insisted upon, will relieve of liability for a loss which has occurred, thereafter requires or induces the insured to incur expense or trouble, such insurer is thereby estopped from afterwards insisting upon the pre-existing cause of forfeiture. 10 R. C. L. 814, § 121.

■ The policy being a liquidated demand for $500, the amount for which the barn was insured, the jury having found that the contents destroyed were of the value of $8, and

in view of the undisputed facts as to waiver and estoppel, we think the court below should have instructed verdict and rendered judgment for $508 in favor of appellant. In this situation, it becomes our duty to render such judgment as the court below should have rendered on the undisputed facts; therefore it is ordered and adjudged that Le Roy Propeck do have and recover of and from the Farmers' Mutual Insurance Association of Grayson county, Tex., a corporation, the sum of $508, with 6 per cent. interest thereon per annum from March 8, 1932, and for all costs of this and of the court below, for which he may have execution; and it is further ordered that the association and its managing officials be and are hereby directed to take the necessary steps, as authorized by its constitution and by-laws, to levy and collect from its members necessary assessments to pay this judgment and court costs.

Reversed and rendered.