ST. PAUL FIRE & MARINE INS. CO.
v. McRAE.
No. 5012.

Court of Civil Appeals of Texas.
Texarkana.
Oct. 29, 1936.

Cunningham & Lipscomb, of Bonham, for appellant.

F. A. Dale, of Bonham, for appellee.

HALL, Justice.

Appellee brought this suit in the county court of Fannin county against ,appellant to recover damages to his dwelling house, located in Fannin county about twelve miles northeast of the city of· Bonham, caused by a windstorm and rain which occurred on the night of June 12, 1934. He alleged that at the time the damages occurred his dwelling was covered by windstorm policy of insurance issued by appellant. Appellant answered by general demurrer, general denial, and specifically to the effect that appellee had not within the time required by the insurance policy filed with appellant proofs of loss. Replying to appellant's answer, appellee filed a supplemental petition in which he alleged:

"Answering further if required to do so plaintiff would show to the court that on or about July the first A. D. 1934, after said loss on June 12, 1934, defendant through its agent visited the scene of the loss and inspected said building and the remains of the same and was fully appraised of said loss and refused to pay the same and again within about two or three weeks thereafter visited said scene and examined the estimate of said loss made by the carpenters and paperhangers and was fully appraised of the loss and the cost for repairing the same and again refused to pay the same and in this connection plaintiff would show to the court· that defendant by said refusal to pay said loss or any part thereof has fully waived the requirements of said policy set out in said amended original answer."

Trial was had to a jury on special issues which were answered favorably to appellee. Judgment was entered for appellee, and appellant prosecutes its appeal to this court.

Appellant's first complaint is that the proof offered by appellee did not correspond to his pleadings in this particular; appellee alleged that his dwelling house that was damaged by windstorm was located in Fannin county, about twelve miles northeast of the city of Bonham; and his proof was that his dwelling house that was damaged by windstorm and rain was located within the city of Bonham at the corner of West 11th and Thomas streets. With this contention we agree. Unquestionably, the proof and the allegation with respect to the location of the damaged dwelling house did not agree, and it is elementary that the proof must correspond substantially to the allegation which it seeks to establish. Underwriters' Fire Ass'n of Dallas v. Henry (Tex.Civ.App.) 79 S.W. 1072; C.J., Vol. 26, p. 511, § 719.

Appellant next complains of the action of the trial court in submitting the special issue with respect to damages for the reason that an improper measure was given as a guide to the jury in fixing the damages to the dwelling house. In our opinion, this contention should be sustained. The correct measure of damages for partial destruction of a dwelling under a policy of this character is the difference

364

in value thereof immediately before the windstorm and immediately thereafter, not to exceed the amount of coverage shown in the face of the policy. Security National Fire Ins. Co. v. Kifuri (Tex.Civ.App) 12 S.W.(2d) 235.

Appellant makes the further contention that on account of the failure of appellee to make written proof of loss under oath as specified in the insurance policy within a period of ninety-one days after the date of the damage rendered such policy of no effect. As a general proposition, this is true, but there is an exception to this rule which we think clearly exists in this case. This exception becomes effective and amounts to waiver of filing of proof of loss within the specified time set out in the policy, when the insurance company within said time denies liability. Delaware Underwriters & Fire Ins. Co. v. Brock, 109 Tex. 425, 211 S.W. 779, and cases there cited; Connecticut Fire Ins. Co. v. Hilbrant (Tex.Civ.App.) 73 S.W. 558; Oklahoma Fire Ins. Co. v. McKey (Tex.Civ.App.) 152 S.W. 440. The issue of denial of liability by the insurance company in this case was a contested one and was properly submitted to the jury for determination.

For the errors pointed out herein, the judgment of the trial court is reversed and the cause remanded.