**FEDERAL UNION INS. CO. v. HARDIN et al.**

No. 4885.

Court of Civil Appeals of Texas. Amarillo.

April 18, 1938.

Ned McDaniel and A. E. Luecke, both of Wichita Falls, for appellant.

W. E. Fitzgerald and Heyser & Hicks, all of Wichita Falls, for appellees.

JACKSON, Chief Justice.

The appellees instituted this suit in the district court of Wichita county to recover on a policy issued in which appellant agreed to insure them against the loss of certain personal property by fire.

They allege the policy was for $2,000; their paying the premium; describe the property covered; state the policy was in full force and effect on July 4, 1936; that the property on said date was of the value of $2,900, and was completely destroyed by fire; that "They have complied with the terms and conditions of this policy and although demand has been made on the defendant for payment of said loss, it has failed and refused and still fails and refuses to make any payment thereof to the plaintiffs' damage in the sum of $2,000.00."

The appellant answered by general demurrer, general denial, and specially alleged that the appellees fraudulently, willfully, and intentionally burned or caused the burning of the property insured, and on account of such crime the policy was not enforceable.

On special issues submitted, the jury found, in effect, that neither of the appellees intentionally set fire to the property; neither procured the burning thereof; that the actual cash value of the property burned was the sum of $1,570; that immediately after the fire the value of the property damaged was $210, and the reasonable cost of repairing the property damaged was the sum of $1,360. On these findings the court rendered judgment that the appellees recover the sum of $1,360 with their cost.

The appellant urges as error the action of the court in admitting in evidence the policy introduced by appellee over its objection that such policy was not admissible because the terms thereof did not conform to the terms of the policy pleaded; that the petition declared the loss by fire constituted an absolute liability while the policy offered disclosed a conditional liability and required the performance of certain conditions by the insured before liability accrued, none of which conditions were pleaded.

The policy provides that the insured shall:

"Within ninety-one days after the fire, unless such time is extended in writing by this company, * * * render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured, as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof, and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire. * * *

"The loss shall not become payable until sixty days after the ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required. * * *

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within two years and one day next after the fire."

The contract of insurance provided certain requirements, among which was that appellees should furnish to appellant proof of any loss caused by fire as a condition precedent to a recovery by them on the policy, and, until such proof was furnished or the furnishing thereof waived, they could not enforce payment under the policy.

The law is clearly stated in Federal Surety Co. v. Smith, 41 S.W.2d 210, 213, wherein the Supreme Court said: "It was the duty of the insured, if he desired to avoid the provisions of the policy, to show a waiver or a substantial compliance with the terms of the insurance policy. The policy required the insured to furnish proofs of loss within a specified time, and it is held that a compliance with the requirement is a condition precedent to a recovery, unless waived by the company." See, also, Metropolitan Life Ins. Co. v. Wann, Tex.Com.App., 109 S.W.2d 470; Hanover Fire Ins. Co. v. Slaughter, Tex. Civ.App., 111 S.W.2d 362.

The appellees contend that, since their pleading and testimony disclosed that appellant had denied liability, it thereby waived the failure, if any, to furnish the proof of loss and the court correctly admitted the policy in evidence.

The law is that a denial of liability before the expiration of the time for making proof thereof on any other ground than the failure to furnish such proof is sufficient to show a waiver, but appellees' petition does not allege that appellant had denied liability, nor does it contain the allegations of any other fact that would constitute a waiver by appellant.

In 43 Tex.Jur. p. 899, par. 7, the author states the law in this language: "When waiver is relied on it must be specially pleaded; it is not available as a defense under a general denial. Even though waiver be established by proof without objection, effect cannot be given to the facts so proven in the absence of a plea of waiver. If a plea sufficiently alleges facts constituting waiver it is sufficient notwithstanding that the word 'waiver' is not used." This text is supported by numerous authorities and is unquestionably the law.

The policy was not attached to nor made a part of the petition and its provisions were alleged in very general terms, but the furnishing of proof of loss is a condition precedent to recovery and it was necessary to plead that proof of loss was furnished in accordance with the terms of the contract or to allege facts constituting a waiver of such proof and produce testimony to warrant a finding thereon. Pardue v. National Mut. Acc. Ins. Co., Tex.Civ. App., 55 S.W.2d 884; 13 C.J. 720.

In Automobile Ins. Co. v. Bridges, 5 S.W. 2d 244, 247, the Eastland Court of Civil Appeals holds: "While the introduction of the policy was objected to on the ground that the substantial terms of same had not been alleged, without particular mention of the provision relative to furnishing proof of loss, still we think it is our duty to pass upon the matter. In fact, it is perhaps fundamental error requiring consideration in the absence of objection. While the sufficiency of the pleading could not be tested by reference to the terms of the policy, we think there was such a variance between the terms of the policy alleged and the one introduced that the objection to its introduction should have been sustained. Niagara Falls Ins. Co. v. Lollar (Tex.Civ. App.) 156 S.W. 1140."

The appellant's objections to the admission of the policy in evidence were sufficiently specified, and it should have been excluded.

This record and these holdings require that the judgment of the trial court be reversed and the cause remanded, for which reason it is unnecessary to discuss the other assignments presented, as they, in all probability, will not occur on another trial.

The judgment is reversed and the cause remanded.