No reversible error appearing in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## KOST v. RESOLUTE UNDERWRITERS OF RHODE ISLAND INS. CO.

### No. 11973.

Court of Civil Appeals of Texas. Galveston.
April 29, 1948.

Rehearing Denied June 10, 1948.

Merrill & Scott, of Houston, for appellant.

David Bland, of Houston (Austin Y. Bryan, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal comes here under an agreed statement of the facts, pursuant to No. 378, of the Texas Rules of Civil Procedure.

The appellant in this Court, Philip N. Kost, was the owner of a house and lot, which also had a detached garage upon the premises, against which property as a whole, he owed, under a deed of trust between them, approximately $3,250 to W. B. Washam as his mortgagee. Without appellant's having been a party to the insurance-contract, W. B. Washam, on January 2, 1945, took out with the appellee, and it, the Resolute Underwriters of Rhode Island Insurance Company, issued a $3,000 policy of fire insurance on the property, insuring "the mortgage-interest of W. B. Washam" only, the policy being one under the regular "Texas Standard Form."

Thereafter, on December 6 of 1945, while such policy was in full force and effect, a loss by fire in excess of $300 occurred to the garage on the premises in undisputed conditions, which limited the appellee's lia-

bility to ten per cent (10%) of the face amount of the policy, or $300.

Thereafter, the appellant, as such owner and mortgagor, first repaired the damage done by the fire, and then, on February 25 of 1946, by written assignment-contract between them, appellant became the owner of any right, interest, or claim, under such policy the mortgagee, W. B. Washam, may have had against the appellee-insurer by reason of such fire; after notice to it of such claim and demand upon the payment of the claimed loss to him as such assignee of Washam for $300, which the appellee denied liability to him for, appellant filed this suit against it as such assignee only of the mortgage-interest of Washam.

After a trial before the court without a jury, judgment was rendered against the appellant in favor of the appellee, without specification by the court of any particular grounds therefor. By further agreement of the parties, the court ordered the originals of all the material papers sent up with the record to this Court.

Appellant's single point of error here is to the effect that the undisputed facts showed him to be entitled to recover the full $300 sued for; whereas, the appellee asserts the judgment to the contrary to have been correct: (1) Because there had been no loss as to the mortgage-interest of W. B. Washam; (2) the insurance policy contained the provision by which the appellee itself became subrogated, as a consequent matter of law, to the mortgage-indebtedness for any amount required to be paid by it to the mortgagee-Washam; (3) the appellee having become so subrogated, this suit by the appellant, as mortgagor and assignee of his mortgagee, was "barred upon the theory of circuity of actions"; (4) the appellee was shown to have neither waived, nor become estopped to assert, any of its stated defenses to appellant's suit.

Among the other undisputed facts, the mortgage-security remained ample, after the small fire-loss, for the $3,250 debt due the mortgagee, the property having been found to be worth some $10,000.

■ So that it would appear—assuming that the appellee's other enumerated defenses did not stand in the way, as this Court thinks they did not—that the controlling question of law on the appeal, is whether or not the assignee of the mortgagee, in the stated circumstances here, could recover against the insurer, although the mortgage-security remained ample for the debt then existing after the fire; the appellant, after reciting that, insofar as he had been able to determine, the precise question had not been decided in Texas, thus quotes as the principle of law upon which his claim for recovery herein is based, this declaration from 45 C.J.S., Insurance, § 919, at page 1026, to-wit:

"The mortgagee's right to recover under an insurance covering his interest, or payable to him as his interest may appear, is not reduced or lessened by the fact that he has other security for the payment of the mortgage debt remaining after the destruction of the insured property, or by the fact that the property in its damaged condition is more than sufficient to pay the morgage debt, or by the fact that the mortgagor has restored the insured property to as good a condition as it was in before the loss."

He supports that text with citation of the New York case of Savarese v. Ohio Farmers' Ins Co., 260 N.Y. 45, 182 N.E. 665, at page 667, Column 1, middle, 91 A.L.R. 1341, by the New York Court of Appeals, where the Court says:

"From these authorities we must conclude that whether the mortgagee takes out his own insurance, or whether he is insured by the mortgagor, under the usual mortgagee clause in the insurance policy, his right to recover in case of a fire is not dependent upon the sufficiency or insufficiency of the mortgage security after the fire."

■ As applied to the distinctive facts in this record, this Court is constrained to hold that the rule so invoked by appellant is applicable here, and that the trial court erred in holding otherwise.

When the policy in suit as a whole is looked to, it would seem to have reasonably implied nothing to the contrary, nor did the decision of the Texas Court of Civil

Appeals in Huey v. Ewell, 22 Tex.Civ.App. 638, 55 S.W. 606 (no appeal taken), hold otherwise, as the appellee contends.

That cause, it is thought, is distinguishable from this one, in that it was a regular three-cornered contract of insurance, with the mortgagor-owner, the mortgagee, and the insurance company all being parties; whereas in this instance, as recited supra, this was a bi-lateral contract between the mortgagee and the insurer only, to which the appellant-mortgagor-owner was a stranger; no reason appears, therefore, for not holding that such a mortgagor-owner stood at arm's length as to the insurer, with the right to purchase, like any other third party, any insurable or recoverable interest his own mortgagee might have independently acquired against the insurer; especially so, when such transaction was undisputedly open, aboveboard, and without any fraud involved therein, despite the fact that the mortgagee himself may not have considered that he had any recoverable interest; nevertheless, he too, in like good faith, as the record also shows, so transferred whatever right he did or might have, to the appellant, and gave him his blessing in proceeding against the appellee.

In other words, when our statutes are looked to, especially R.S. Art 4931, as amended, Vernon's Revised Civ.Stat. of Texas, it seems to this Court that the defenses so relied upon by the appellee, and sustained by the trial court, were only applicable to a three-cornered contract, having to do with a named-insured, who is also the owner and mortgagor, a mortgagee, and the insurance-company; and that, in such a usual instance, the mortgage-clause, which was attempted to be applied in this instance, notwithstanding its factual differences and difficulties, was designed to protect the insurer in such a tripartite policy against the effect of cited Article 4931, which expressly declared that the mortgagee's interest should not be invalidated by any neglect of the mortgagor, or owner of the property, etc.; further, that when such a form of policy was attempted to be used in this bi-lateral insurance agreement between the insurer-mortgagee only, on the one hand, and the insurance company on the other, it should be given a different construction.

This expression from the appellant's brief appears to point out the reason for such an interpretation, to-wit:

"Clearly there was no intention expressed in the entire agreement to give the insurer an automatic right of subrogation to the mortgage-debt, under all circumstances. The insurance company is taking the position that, notwithstanding the fact that it has insured against the occurrence of a paricular event for loss to the named-insured, in fact it took no risk, for, at all times, it had the complete protection of the mortgage-debt, and the security thereof."

■ It is further held: (1) That appellee not being a party to the assignment between the appellant and his mortgagee-Washam, it was immaterial to it that no consideration passed between the two makers of the assignment. Texas & P. Ry. Co. v. Davis, Tex.Civ.App., 54 S.W. 381, reversed on another ground by Supreme Court in 93 Tex. 378, 55 S.W. 562.

■ (2) Appellee was shown to have unequivocally denied liability to the appellant before the time expired for his filing the proper proof of loss. St. Paul Fire & Marine Ins. Co. v. McRae, Tex.Civ.App., 98 S.W.2d 363; Federal Union Ins. Co. v. Hardin, Tex.Civ.App., 115 S.W.2d 1144; East Texas Fire Ins. Co. v. Coffee, 61 Tex. 287.

These conclusions require a reversal of the judgment of the trial court, and a rendition of the cause in appellant's favor, for the amount as declared-upon by him in his trial pleadings. It will be so ordered.

Reversed and rendered.