## GALVESTON COUNTY v. HARTFORD FIRE INS. CO.

### No. 12194.

Court of Civil Appeals of Texas. Galveston.

June 1, 1950.

Rehearing Denied June 29, 1950.

Stone & Phipps, of Galveston, for appellant.

David Bland, of Houston, Austin Y. Bryan, of Houston, of counsel, for appellee.

GRAVES, Justice.

The appellant sued the appellee, alleging, in material substance, this:

That on or about the 17th day of December, 1944, the defendant, Hartford Fire Insurance Company, issued and delivered to plaintiff its policy of insurance, whereby in consideration of the payment by plaintiff to defendant of the premium of $310 defendant insured plaintiff from the 17th day of December, 1944, to the 17th day of December, 1945, to an amount not exceeding $31,000, on road machinery belonging to plaintiff, including one Caterpillar Diesel-tractor, against direct loss, or damage by: (a) Fire, etc.; (b) explosion, etc.; (c) theft, etc.;

That on or about the 29th day of July, 1947, and while the said policy was in full force and effect, such Diesel-tractor was fraudulently taken from the possession of the County, and/or its agents, servants, or employees, who were in charge of it, by some unknown person or persons, and while being so taken and while in the possession of such unknown person or persons it was damaged to such an extent as to necessitate repairs in the amount of $1,055.95, for which amount, less the sum of $50, this suit was brought.

The appellee, among other things, answered by setting up, in substance, this special exception:

"(1) The petition shows on its face in paragraph 3 that the loss, if any, complained of by the Plaintiff, occurred on or about the 29th of July, 1947.

"(2) The petition shows on its face in paragraph 4 that the loss, if any, was not reported to Defendant's local recording agent, the Austin Insurance Agency of Galveston, Texas, until the 29th day of December, 1947; thus Plaintiff does not comply with the following provision of the policy sued upon: 'The assured shall as soon as practicable report to this company or its agent every loss or damage which may become a claim under this policy, * * *'.

"This is true because, as Plaintiff's petition shows, an interval of five (5) months elapsed between the occurrence of loss and the first report made to Plaintiff's agent,

and such delay in giving notice is, as a matter of law, a violation of the above quoted provision and renders' the insurance contract unenforceable as to this loss."

Following a hearing upon such pleadings alone, the trial court sustained such special exception, and dismissed the suit with prejudice, at the cost of appellant, from which judgment this appeal proceeds.

The appellant has in its brief and oral argument before this court succinctly and correctly thus stated the issue here:

This appeal brings in issue before this Honorable Court one, and only one, clear-cut question of law, and that is whether or not the fact that acts done by an Insurance Company, which are alleged to constitute waiver of compliance with the terms of an insurance policy to furnish notice and proof of loss, occurring after the time provided by the policy for the giving of notice and filing proof of loss, as a matter of law, prevented such alleged acts from constituting waiver.

The authorities the County relies upon for support of its stated point-of-error are these: Federal Surety Co. v. Smith, Tex. Com.App., 41 S.W.2d 210; Tex.Jur., Ten-Year Supp., page 267, sec. 292; Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S.W. 2d 43, 173 A.L.R. 968; Franklin Life Ins. Co. v. Woodyard, Tex.Civ.App., 206 S.W. 2d 93; Alamo Health & Accident Co. v. Cardwell, Tex.Civ.App., 67 S.W.2d 337; and Propeck v. Farmers Mut. Ins. Ass'n of Grayson County, Tex.Civ.App., 63 S.W.2d 227.

This court is unable to see eye-to-eye with the appellant in its presentment; on the contrary, it is held that the acts so alleged by the County in its petition, coming at the time they were so recited to have occurred, were not sufficient to impose upon the appellee the penalty of a waiver or estoppel to assert the express provisions of the policy requiring a report of losses, or damages, under the policy, with sworn proof thereof, as expressly provided therein, especially inclusive of this one:

"The assured shall immediately report to this company or its agent every loss or damage which may become a claim under this policy, and shall also file with the company or its agent within ninety (90) days from the date of loss a detailed, sworn proof of loss. Failure by the assured either to report the said loss or damage, or to file such written proofs of loss, as herein provided, shall invalidate any claim under this policy."

These authorities, cited by the appellee, are thought to support the holding here made: Cyclopedia of Insurance Law, Couch, Vol. 7, sec. 1516, page 5533; Insurance Law & Practice, Appleman, Vol. 5, sec. 3631, page 819; Lone Star Finance Co. v. Universal Automobile Ins. Co., Tex.Civ. App., 28 S.W.2d 573; Employers' Liability Assurance Corp. v. Rochelle, 13 Tex.Civ. App. 232, 35 S.W. 869; Sun Mutual Ins. Co. v. Mattingly et al., 77 Tex. 162, 13 S. W. 1016; Merchants Ins. Co. v. Nowlin, Tex.Civ.App., 56 S.W. 198; Federal Union Ins. Co. v. Hardin et al., Tex.Civ.App., 115 S.W.2d 1144; St. Paul Fire & Marine Ins. Co. v. McRae, Tex.Civ.App., 98 S.W. 2d 363; Kost v. Resolute Underwriters, etc., Tex.Civ.App., 211 S.W.2d 758; Cooley, First Ed., Vol. 4, page 3478; and J. T. Knight & Son, Inc. v. Superior Fire Ins. Co., 5 Cir., 80 F.2d 311, certiorari denied 298 U.S. 654, 56 S.Ct. 674, 80 L.Ed. 1381.

The specific acts depended upon by appellant for its claim of waiver, and so summarized in its quoted statement, all occuring after December 29, 1947, may be more fully and accurately stated this way:

(1) On March 12, 1948, a representative of appellee, who was its staff-adjuster in Houston, wrote the County Auditor of Galveston County a letter, which in essence stated that appellee denied liability, and gave reasons for such denial other than the failure of appellant to comply with the notice and proof-of-loss provisions of the policy.

(2) Immediately after December 29, 1947, a representative of appellee came to Galveston, and discussed the matter in detail with the County Auditor, checked over the repair-bills covering the repairs made to the damaged equipment, and made a thorough investigation of the claim. All information requested by appellee's representative was given to such representative, and coopera-

**686**

tion extended. Arrangements were made for appellee's representative to interview the men, who were in charge of the equipment allegedly damaged; and, at the representative's request, written statements were furnished. This representative did not mention the delayed notice. Nowhere in this allegation is there a statement that appellee's representative caused, or induced, the assured to incur expense or trouble.

None of appellant's cited authorities, when applied to facts like those thus occurring here, sustain its contention. They do apply the well-settled doctrine that a denial of liability, within the time allowed for filing proofs-of-loss, constitutes a waiver of such filing on the insurance company's part; but that is a far cry from the situation here presented, where the filing was never even tendered until many months after such specified time had expired.

On the other hand, the authorities so cited by the appellee—on the legal equivalent of the undisputed facts of this case—authoritatively declare, in necessary purport, that the acts here depended upon by the appellant for the asserted waiver, did not constitute one.

It is not deemed essential, therefore, that the point be further labored.

The judgment will be affirmed.

Affirmed.