The HANOVER INSURANCE COMPA-
NY OF NEW YORK, Appellant,

v.

Horace B. HAGLER, d/b/a Texas Elec-
tronics Supply Company, Appellee.

No. 18712.

Court of Civil Appeals of Texas,
Dallas.

Dec. 31, 1975.

Rehearing Denied Jan. 29, 1976.

Robert Lee Guthrie, William F. Billings, Johnson, Guthrie, Billings & Nash, Dallas, for appellant.

John Emmett, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Horace B. Hagler, d/b/a Texas Electronics Supply Company, sued Hanover Insurance Company of New York to recover on a policy issued by Hanover which insured against the hazard of "vandalism and malicious mischief." The case was tried to a jury which found that Hagler had sustained damages to his merchandise in the sum of $82,911.58 as a direct result of vandalism and malicious mischief. Based upon his verdict, the court rendered judgment against Hanover in the sum of $30,000, the policy limit. Hanover appeals. We reverse and remand.

Our primary question is whether Hagler has avoided the consequences of his failure to file a proof of loss by proving substantial compliance with or waiver of that requirement as a matter of law. The record is without dispute that the loss occurred on July 19, 1970, and that Hagler did not file a formal verified proof of loss, as required by the policy, within ninety-one days following July 19, 1970. Hagler alleged (1) that Hanover, by its action and conduct, waived the filing of a formal proof of loss and (2) that he had substantially complied with the terms of the policy. No issue was submitted to the jury dealing with either waiver or substantial compliance. The record does not reveal that Hagler requested the submission of either issue.

Hanover contends that the trial court erred in rendering judgment against it because Hagler failed to file a proof of loss, a condition precedent to recovery on the policy, and did not prove or secure a finding that the filing of the proof of loss had been waived. We agree.

It is a settled principle of law in Texas that a stipulation in an insurance contract requiring notice and proof of loss within a reasonable time and on reasonable terms is valid and must be complied with to recover under the policy. *Commercial Union Assurance Co. v. Preston*, 115 Tex. 351, 282 S.W. 563, 566 (1926); *Scottish Union & National Insurance Co. v. Clancey*, 83 Tex. 113, 18 S.W. 439 (1892); *Delaware Underwriters v. Brock*, 109 Tex. 425, 211 S.W. 779 (1919); *Great Central Insurance Co. v. Cook*, 422 S.W.2d 801, 806 (Tex.Civ.App.—Dallas 1967, no writ). The purpose of re-

quiring written notice and proof of loss within ninety-one days is to enable the insurer to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise. *Employers Casualty Co. v. Glens Falls Insurance Co.*, 484 S.W.2d 570, 575 (Tex.1972); 14 Couch on Insurance 2d § 49:373 (2d ed. 1965). Waiver of the proof of loss requirement or a showing of substantial compliance with the provision is all that is ordinarily required of an insured to avoid the consequences of failure to strictly comply with the policy provision. *United States Fidelity and Guaranty Co. v. Bimco Iron and Metal Corp.*, 464 S.W.2d .353, 356 (Tex.1971); *Home Insurance Co. v. Greene*, 443 S.W.2d 326 (Tex.Civ.App.—Texarkana 1969), *affirmed*, 453 S.W.2d 470 (Tex.1970); *Great Central Insurance Co. v. Cook*, 422 S.W.2d 801, 806 (Tex.Civ.App.—Dallas 1967, no writ); *Federal Union Insurance Co. v. Hardin*, 115 S.W.2d 1144 (Tex.Civ.App.—Amarillo 1938, no writ).

Hagler, while conceding that he had the burden of establishing either waiver or substantial compliance with the proof of loss provision, argues that he has satisfied that burden as a matter of law and that, therefore, it was not incumbent upon him to secure a jury finding on these issues. We must examine the record to determine the validity of this argument.

Hagler operated a business described as a "wholesale electronics parts and · pawnshop." The policy of insurance issued by Hanover insured the contents of the shop against "vandalism and malicious mischief" and expressly excluded "pilferage, theft, burglary or larceny." However, the policy did provide coverage for damage to the building from burglary. On July 19, 1970, two men entered the pawnshop by breaking into the adjoining place of business and making a hole in the companion wall. Bins containing thousands of minute electronic parts were turned over and the contents scattered in the aisles; boxes were dumped on the floor; inventory cards were destroyed or lost. The insurance company was promptly notified of the loss, and an investigation was conducted. As a result, Hanover paid Hagler for the damage done to his building by the burglars. When Hagler later demanded payment for damage to his personal property in the building, Hanover refused to pay for that loss.

■ Hagler argues that the insurance company, having paid for the damage to the building before the time for filing the proof of loss expired, waived the proof of loss requirement for the vandalism and malicious mischief claim. A provision requiring a formal proof of loss may be waived by conduct of the insurer which is inconsistent with an intention to rely on failure to timely file the proof of loss as a defense. Such conduct by the insurer lulls the insured into believing that the filing of the proof of loss will not be required. *United States Fidelity and Guaranty Co. v. Bimco Iron & Metal Corp.*, 464 S.W.2d 353, 357 (Tex.1971); *Chicago Fire & Marine Insurance Co. v. Herring*, 54 S.W.2d 236 (Tex.Civ.App.—Amarillo 1932, writ ref'd).

■ While Hanover's voluntary payment of the claim for building damage within ninety-one days after the loss may be some evidence of waiver, that evidence is not sufficient to establish, as a matter of law, that the insurance company did not intend to insist on filing a proof of loss as to the damage to the contents of the building, or that Hagler was led to believe that the company would not insist on the proof of loss. Both Hanover and Hagler agreed that the damage to the building was covered by the policy. However, with regard to the damage to the contents, there was a serious question whether this damage was the result of vandalism and malicious mischief, within the terms of the policy, or burglary, which was specifically excluded. The damage to the building was minor, and its extent could easily be determined. The ex-

tent of the damage to the contents was, to the contrary, difficult to establish. Under these circumstances, the insurance company's payment of the undisputed claim is not necessarily inconsistent with an intention to insist upon strict compliance with the proof of loss requirement as to the disputed and questioned claim. We hold, therefore, that payment for the loss to the building may be some evidence of waiver of the requirement for filing proof of loss with regard to the damage to the personal property but that such evidence, standing alone, does not establish waiver as a matter of law. In this connection we note that Hagler did not allege in the trial court and does not contend here that the company is estopped from insisting on compliance with the proof of loss requirement with respect to the claim for damage to the contents because prompt payment of his claim for damage to the building led him to believe that no proof of loss concerning the contents would be required.

■ The insurance company representative testified that even if the insurance company had been in possession of all the information required by the proof of loss, it would have denied the claim. If it had been established that the company denied liability within the ninety-one day period, Hagler's allegation of waiver would be sound. However, the date when liability was denied is not established with any certainty in this record. This hypothetical and conclusory statement that the company would have denied liability is not equivalent to evidence of actual denial of liability within the ninety-one day period. Neither does it establish as a matter of law that the company intended to waive the requirement of a formal proof of loss. It is well settled that a denial of liability after the period does not constitute a waiver. *Galveston County v. Hartford Fire Insurance Co.*, 231 S.W.2d 684 (Tex.Civ.App.—Galveston 1950, writ ref'd).

■ Hagler also contends that he presented sufficient evidence to establish substantial compliance with the proof of loss requirement, as a matter of law, which excused his failure to file a formal proof of loss. Hagler testified that he submitted a partial list of the damaged property to Hanover's agent. However, an examination of his testimony as a whole reveals that it is not definitely established at what point in time the partial list was delivered to Hanover. Hagler's testimony in this regard is vague and uncertain. First he stated that he did not recall furnishing the insurance company any type of list of the merchandise which he alleged to be damaged, but he then qualified that answer by stating that he did deliver a list "shortly after September 4th, [1970] I believe . . . ." Later he testified that he submitted a partial list at the time his deposition was taken in February 1972, after the ninety-one day period expired, and that he believed that he had furnished another list. He stated further that he did not know if that list was submitted before or after the date of his deposition. Hanover's claim manager Pat O. Echols testified that he had every bit of information the contract required be submitted in a proof of loss; the record, however, is silent as to the time when this information became available to and known by him and the insurance company. The evidence indicates that this information may not have been received by the insurance company until the early part of 1972, after the expiration of the ninety-one day period following the loss. While substantial compliance with the requirement of furnishing a proof of loss is sufficient, to be effective substantial compliance must occur within the time period allowed for the furnishing of the formal proof of loss, in this instance within ninety-one days after the loss. We cannot say that this record reveals, as a matter of law, substantial compliance with the requirements of the policy.

Our review of the record convinces us that the testimony concerning waiver and substantial compliance with the proof of loss requirement is not fully developed. For that reason and in the interests of

justice, we exercise our discretion to reverse the judgment of the trial court and remand the cause for a new trial. *Morrow v. Shotwell,* 477 S.W.2d 538, 542 (Tex.1972); *Scott v. Liebman,* 404 S.W.2d 288 (Tex.1966); and *Dahlberg v. Holden,* 150 Tex. 179, 238 S.W.2d 699 (1951).

In view of our holding that the case must be reversed and remanded, we need not pass upon nor consider the points of error advanced by appellant Hanover which are primarily "no evidence" points and points dealing with the admissibility of evidence and submission of special requested issues.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.